## 52132. ALEXANDER v. THE STATE.

CLARK, Judge.

Defendant was indicted for the murder of Gartrell Nuckles. He was tried before a jury and convicted of the lesser offense of voluntary manslaughter. Following the denial of his motion for new trial, defendant brought the instant appeal. *Held:*

1. Defendant's first three enumerations of error seek our review of the "general grounds." "Because of the large number of cases reaching this court in which it is urged and strenuously argued that 'the verdict is decidedly and strongly against the weight of the evidence' . . ., we feel compelled to reiterate that this ground of the general grounds is addressed to the trial court alone, not an appellate court. If the trial judge overrules the general grounds, appellate courts consider only the sufficiency of the evidence . . ., not the weight of the evidence. The weight of the evidence was considered by the jury at the trial and by the trial judge in ruling upon the general grounds. [Cits.]" *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131).

Thus, the sole question for appellate review upon the "general grounds" is whether there was sufficient evidence to authorize the guilty verdict rendered by the trier of fact. See *Ridley v. State,* supra, and cits. In making

this determination, we are bound to construe the evidence in its most favorable light to the state, with every presumption and inference being in favor of upholding the verdict. *Green v. State,* 123 Ga. App. 286, 287 (180 SE2d 564); *Wren v. State,* 57 Ga. App. 641, 644 (196 SE 146).

The evidence in this case showed that Nuckles provoked an altercation with defendant by refusing to move his car from the path of defendant's vehicle. This heated incident led to an exchange of gunfire between the two antagonists. While no one apparently saw the fatal shot, several witnesses testified that defendant fired his revolver at Nuckles. Defendant's assertion at trial that he never fired his gun was disputed by these witnesses and inconsistent with his prior claim that he shot in self-defense, which he made during his incarceration to an investigating officer.

The evidence was legally sufficient to support the jury's determination that defendant was guilty of voluntary manslaughter.

2. Error is enumerated upon the admission of defendant's statement that he had shot Nuckles in self-defense. It is claimed that this admission was elicited by the police in violation of the procedural safeguards set forth in Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694). The prosecution did not use this statement, however, to establish defendant's guilt in its case in chief. Rather, the statement was offered in rebuttal to impeach defendant's trial assertion that he never fired his gun at the decedent. The evidence was admitted for this limited purpose and the trial court instructed the jury that this statement could only be considered for the purpose of impeachment and not as evidence of defendant's guilt.

In Harris v. New York, 401 U. S. 222 (91 SC 643, 28 LE2d 1), the United States Supreme Court held that statements by a defendant which were procured in violation of Miranda, and thus inadmissible to prove guilt, could nevertheless be used for impeachment purposes to attack the credibility of a defendant's trial testimony. "The shield provided by *Miranda* cannot be perverted into a license to use perjury by way of a defense, free from the risk of confrontation with prior inconsistent utterances." Harris v. New York, supra, p. 226.

The rationale of Harris was subsequently adopted by this court in *Colbert v. State,* 124 Ga. App. 283 (183 SE2d 476). The second headnote summarizes the applicable rule: "If on the trial of his case the defendant takes the witness stand and swears to a state of facts contrary to his prior statements, they may be given in evidence solely for purposes of impeachment, the burden being on the court to caution the jury that such evidence is to be considered only for the purpose of assessing the defendant's credibility and not to establish his guilt of the offense for which he is on trial; however, where the evidence is not offered solely for this purpose nor does the trial judge instruct the jury to consider it solely for purposes of impeachment, its admission is error." See also *Campbell v. State,* 231 Ga. 69, 78 (200 SE2d 690); *McHan v. State,* 232 Ga. 470, 471 (6) (207 SE2d 457); *Hancock v. State,* 131 Ga. App. 485, 487 (2) (206 SE2d 104).

Since the admission of defendant's prior inconsistent statement clearly met the requirements set forth in *Colbert,* this enumeration is without merit.

3. Defendant's remaining enumeration, alleging an improper statement by the trial judge, was not objected to at trial and is raised for the first time in this appeal. "An issue not raised during the trial in any form calling for a ruling will not be considered by this court." *Sanders v. State,* 134 Ga. App. 825, 826 (216 SE2d 371).

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

SUBMITTED MAY 3, 1976 — DECIDED MAY 12, 1976.

*William T. Brooks,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carole E. Wall, Assistant District Attorneys,* for appellee.