32971. LOWE v. THE STATE.

UNDERCOFLER, Presiding Justice.

This murder arose over a twenty cent bag of potato chips, which Daniel Leroy Lowe poured on the floor of a convenience food store in Atlanta, Georgia, on August 23, 1975. When Lowe did not pay for the chips, the store clerk

demanded payment; a fight resulted involving Lowe, his two companions and a customer. Lowe and his friends left the store, obtained rifles and returned. Meanwhile, the three o'clock shift replaced the two store clerks involved in the earlier incident. The three gunmen stood outside at the front of the store and sprayed it with gunfire, wounding two customers, a young girl and a man, and one of the new clerks, Anthony Hawk. Hawk received serious injuries to his head and face. Lowe was indicted for aggravated assault on September 30, 1975, and pleaded guilty in December. In February, 1976, Hawk died. Lowe was then indicted, tried and convicted of murder; this appeal followed. We affirm.

1. In his first and second enumerations of error, Lowe raises double jeopardy questions under the Georgia statutes and the Federal Constitution. We find no merit in either contention.

Lowe argues that under the Georgia statutes, aggravated assault is a lesser included crime of murder and, therefore, his guilty plea on the former precludes his prosecution for the latter under Code Ann. § 26-506 (a) (1).[1] Lowe's contention is refuted by Code Ann. §§ 26-506 (b) and 26-507 (b). Code Ann. § 26-506 (b) states: "If the several crimes arising from the same conduct are *known to the proper prosecuting officer at the time of commencing the prosecution* . . . they must be prosecuted in a single prosecution . . ." (Emphasis supplied.) Code Ann. § 26-507 (b) provides: "A prosecution is barred if the accused was formerly prosecuted for a different crime, or for the same crime based upon different facts, if such former prosecution . . . was for a crime which involves the same conduct, *unless . . . the crime was not consummated when the former trial began;* . . ." (Emphasis supplied.) Since the murder was not yet complete because the victim had not

---

[1] Code Ann. § 26-506 (a) provides in part: "When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if (1) one crime is included in the other, . . ." Code Ann. § 26-505 defines an included offense.

died at the time of the aggravated assault conviction, the subsequent prosecution for murder is not barred by the express terms of these statutes. As we said in *Keener v. State,* 238 Ga. 7 (230 SE2d 846) (1976), however, the conviction on the lesser included offense of aggravated assault may be set aside in an appropriate proceeding.

Lowe's double jeopardy argument under the Fifth Amendment of the United States Constitution has been decided against him by the United States Supreme Court. Diaz v. United States, 223 U. S. 442 (32 SC 250, 56 LE 500) (1912). Accord, Culberson v. Wainwright, 453 F2d 1219 (5th Cir. 1972). The cases cited by Lowe we distinguish on the basis that in them both crimes had been completed at the time of the first prosecution.

2. In Lowe's third enumeration of error, he contends the trial court erred in refusing to charge on voluntary manslaughter. We do not find the circumstances of this killing rise "to the serious provocation sufficient to excite sudden, violent and irresistible passion in a reasonable person that would require a charge on voluntary manslaughter. Therefore, there was not even 'slight evidence' of this crime in the case, and the trial court correctly refused to so charge. *Williams v. State,* 232 Ga. 203 (206 SE2d 37) (1974); *Young v. State,* 232 Ga. 285 (206 SE2d 439) (1974); *Meadows v. State,* 230 Ga. 471 (197 SE2d 698) (1973); *Jarrard v. State,* 206 Ga. 112 (55 SE2d 706) (1949); *Channell v. State,* 109 Ga. 150 (34 SE 353) (1899)." *Gillespie v. State,* 236 Ga. 845, 847 (225 SE2d 296) (1976). We find no error.

*Judgment affirmed. All the Justices concur.*

Submitted November 11, 1977 — Decided February 21, 1978.

*A. Glen Steedley, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Richard E. Hicks, Assistant District Attorney, Arthur K. Bolton, Attorney General, William B. Hill, Jr.,* for appellee.