## 38606. BELL v. THE STATE.

GREGORY, Justice.

Bell was indicted and tried on two felony counts — arson in the first degree and felony-murder — after a fireman was killed while

putting out the fire caused by the alleged arson. After several hours of deliberation, the jury reached a verdict on the count of arson in the first degree, but they were unable to reach a verdict on the count of felony-murder. The jurors were then released for the evening.

The next morning, defense counsel moved for a mistrial on both counts because an allegedly prejudicial newspaper article on the case appeared in the morning paper. The jurors were polled individually, and the court discovered that six of the jurors had read the article. Defense counsel again moved for a mistrial on both counts. The trial judge overruled the motion at that time and received the jury's verdict of guilty on the count of arson in the first degree. The trial judge then declared a mistrial as to the count of felony-murder based on the defendant's motion. Later he sentenced the defendant to 20 years confinement on count one.

The trial judge rescheduled the trial on the count of felony-murder. Defense counsel filed a plea in bar to the retrial based on double jeopardy, which the trial judge overruled after a hearing on the plea was held. It is from this denial of his plea in bar that Bell appeals.

1. Appellant first contends that the trial judge procedurally erred in overruling his plea in bar because (1) that plea must be tried before a jury as a question of fact, relying on *Daniels v. State,* 78 Ga. 98 (6 A.S.R. 238) (1886) and *Harris v. State,* 193 Ga. 109 (17 SE2d 573) (1942), and (2) because the State neither traversed the plea nor demurred to that plea, relying on *Lovett v. State,* 80 Ga. 255 (4 SE 912) (1887).

No question of fact was at issue in this special plea in bar, so it was unnecessary to have a jury hear the plea. The trial judge could rule on the plea as a matter of law in the same fashion that the trial court directed the verdict in *Harris v. State,* supra, on which appellant relies.

Because no questions of fact were in dispute, it was unnecessary for the State to file a traverse to the special plea. It would have been appropriate for the State to file a general demurrer to the plea. The failure to do so does not mean, however, that the special plea in bar stands admitted. The failure to demur does not confess the action either in law or in fact, and the proof of the facts in the plea does not authorize a judgment unless the existence of those facts so authorize. *Kelly v. Strouse & Brothers,* 116 Ga. 872 (43 SE 280) (1902). Appellant filed his plea in bar and requested a hearing. The State opposed the plea at the hearing by way of argument on the legal questions presented. Appellant received a fair and impartial hearing on the merits of his plea. Because appellant does not show how the failure of the State to demur to his plea has prejudiced him, we find

this argument to be without merit.

2. Appellant next contends that retrial on felony-murder would subject him to double jeopardy under the United States and Georgia Constitutions and Code Ann. §§ 26-505 and 26-506 because the same evidence used to convict him of the arson charge would be needed to convict him of the felony-murder. Appellant points out that to convict him of arson in the first degree, it must have been shown that he committed arson under circumstances such that it was reasonably foreseeable that human life might be endangered. Because he alleges that the building which was burned was a vacant building, he argues that the only way the State could prove the reasonable foreseeability of danger to human life was by proving that firemen came to the fire, were injured and died as a result. Because the evidence of the death of the fireman was "used up" in the proof of arson in the first degree, appellant argues that the State is precluded under the "same evidence test" from using it now to also prove felony-murder.

We need not analyze appellant's legal argument because the facts of his case do not support his argument. Appellant admitted under cross-examination that he knew the "vacant" building which was burned was actually inhabited at the time of the fire by vagrants and that the building adjacent to it was also occupied. This evidence clearly established the reasonable foreseeability of danger to human life without reference to any firemen. It was not necessary to prove the death of the fireman in order to prove arson in the first degree.

3. Appellant's final argument is that double jeopardy prevents the State from retrying him for felony-murder after his first trial in which he was convicted of the underlying felony (first degree arson) but received a mistrial on felony-murder. While this court has never before been presented with this specific fact situation, a review of our cases on double jeopardy shows that the trial judge properly overruled the plea in bar on its merits.

While the general rule is that a criminal defendant may not be placed in jeopardy of life or liberty more than once for the same offense, a trial court can retry a defendant following a mistrial without violating double jeopardy protections. See *Cameron v. Caldwell,* 232 Ga. 611 (208 SE2d 441) (1974); *Jones v. State,* 232 Ga. 324 (206 SE2d 481) (1974). We have also held that if the victim of a felony dies as a result of that felony after a defendant has already been convicted of the felony, double jeopardy considerations do not prevent a subsequent prosecution for felony-murder. *Lowe v. State,* 240 Ga. 767 (242 SE2d 582) (1978). Finally, we have held that where there is a conviction of two crimes in a single prosecution, one of which is included in the other, and the defendant obtains a new trial on the greater crime, the remaining conviction of the lesser crime

does not bar retrial on the greater crime. *Keener v. State,* 238 Ga. 7 (230 SE2d 846) (1977).

We see no reason to distinguish this defendant's case from our decision in *Keener v. State,* supra, based on double jeopardy considerations. In this case, a mistrial was declared on the greater crime of felony-murder based on the appellant's own motion for mistrial. We now hold that where the State sought to prosecute a defendant on two offenses in a single prosecution, one of which is included in the other, and the defendant receives a mistrial on the greater offense, the remaining conviction of the lesser offense does not bar retrial of the greater offense.

If the State retries appellant for felony-murder and receives a conviction, however, the trial court must set aside the conviction for the underlying felony of arson in the first degree. This is because "the felony is a lesser included offense of felony murder under Code Ann. § 26-505 and conviction of both offenses is proscribed under the provisions of Code Ann. § 26-506." *Atkins v. Hopper,* 234 Ga. 330, 333 (216 SE2d 89) (1975).

The trial judge properly overruled the plea in bar.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 22, 1982 —
REHEARING DENIED JULY 8, 1982.

*Johnston, Turner & Hunt, Donald C. Turner,* for appellant.
*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Assistant District Attorney, Michael J. Bowers, Attorney General,* for appellee.