69030. ECHOLS v. THE STATE.
(323 SE2d 289)

SOGNIER, Judge.

Echols appeals his conviction of armed robbery. The evidence disclosed that appellant, Dwight Jackson and Stacey Pass decided to commit a robbery. Pass got his mother's gun and the three men went to a convenience store. After all other customers in the store left, Jackson demanded at gunpoint that the manager give them all the money. Appellant opened the cash register and took all the paper

money, totaling about $180. Appellant confessed to the police that he participated in the robbery, and he was identified positively by the manager.

1. Appellant contends the trial court erred by denying his requests to charge on the lesser included offenses of robbery by intimidation and theft by taking. Although appellant testified that he did not think his friends were going to rob the manager, he admitted taking the money and acknowledged that Jackson was holding a gun on the manager. Appellant also stated in his confession that he and his friends planned to rob some place. Thus, the evidence showed clearly an armed robbery by use of an offensive weapon. There was no evidence of robbery by intimidation or theft by taking. Therefore, a charge on these lesser offenses was not required. *Mallory v. State*, 166 Ga. App. 812, 814 (2) (305 SE2d 656) (1983); *Shepherd v. State*, 234 Ga. 75, 78 (3) (214 SE2d 535) (1975); *Grant v. State*, 161 Ga. App. 403, 404 (4) (288 SE2d 118) (1982).

2. Appellant contends his confession to the police was not given freely and voluntarily under the "totality of circumstances" test. He argues that he had just turned 17 and was a ninth grade student, and no one else was present when he was interrogated.

At a Jackson-Denno hearing (Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908)) appellant's counsel acknowledged that appellant was advised fully of his Miranda rights (Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694)). Appellant acknowledged that he understood his rights, and no threats or promises of benefit in any form were made to him. Appellant did not ask for a lawyer, and his statement was a product of his own free will. Appellant now argues that because he was only 17 and no one else was present, being interrogated by two police officers was intimidating and coercive. There is no evidence to support this argument. Age alone is not determinative of whether a person can waive his rights. *Marshall v. State*, 248 Ga. 227, 229 (3 (1)) (282 SE2d 301) (1981). Factual and credibility determinations as to voluntariness of a confession are normally made at a suppression hearing and must be accepted by appellate courts unless such determinations are clearly erroneous. *Griswold v. State*, 159 Ga. App. 22, 23 (2) (282 SE2d 679) (1981). We find no error in the trial court's determination that appellant's confession was made freely and voluntarily.

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

Decided October 22, 1984.

*James E. Hudson, Kenneth Kalivoda,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assis-*

*tant District Attorney*, for appellee.