## 70717. HERRERA v. THE STATE.
### (334 SE2d 339)

BANKE, Chief Judge.

On July 1, 1984, the defendant was involved in a collision which resulted in injuries to one Cleista Everson. As a result of the collision, he was charged in the Mayor's Court of Bainbridge with the offenses of driving under the influence and failure to yield right-of-way. On July 2, 1984, he pled guilty to these charges, paying a fine of $395 for the former and a fine of $40 for the latter.

On July 3, 1984, Mrs. Everson died; and in October of 1984, the defendant was indicted in the Superior Court of Decatur County for the offenses of homicide by vehicle and driving under the influence. He filed a plea in bar contending that he had already been tried for offenses arising from the same conduct and that a subsequent prosecution would violate his due process rights. The trial court granted the motion with respect to the driving under the influence count but denied the motion with respect to the vehicular homicide count. Following his trial and conviction on the latter count, the defendant filed this appeal. *Held:*

1. OCGA § 16-1-7 (b) requires that "[i]f the several crimes arising from the same conduct *are known to the proper prosecuting officer at the time of commencing the prosecution . . . they must be prosecuted in a single prosecution . . .* ." (Emphasis supplied.) Under OCGA § 16-1-8 (b), "[a] prosecution is barred if the accused was formerly prosecuted for a different crime, or for the same crime based upon different facts, if such former prosecution . . . was for a crime which involves the same conduct, *unless . . . the crime was not consummated when the former trial began . . .* ." (Emphasis supplied.) We hold, pursuant to the language of these statutes, that the prosecution for vehicular homicide was not barred by the mayor's court proceedings because the victim had not died at the time of those proceedings, and the crime was therefore not complete. Accord *Lowe v. State,* 240 Ga. 767 (242 SE2d 582) (1978). Because the offense of driving under the influence may be considered a lesser included offense of vehicular homicide under the circumstances of this case, that conviction is subject to being set aside in an appropriate proceeding. See *Lowe v. State,* supra; *Keener v. State,* 238 Ga. 7 (230 SE2d 846) (1976).

2. The defendant's reliance upon the U. S. Supreme Court decisions in *Thigpen v. Roberts,* 468 U. S. ___ (104 SC 521, 82 LE2d 23) (1984), and *Blackledge v. Perry,* 417 U. S. 21 (94 SC 2098, 40 LE2d 628) (1974), in support of his due process claim is misplaced. In each of those cases, the subsequent felony trial was for the identical occurrence which had previously been treated as a misdemeanor. Neither involved a situation where the subsequent felony prosecution was for

an entirely different crime, for which the defendant could not have been prosecuted at the time of the disposition of the misdemeanor charges. Also, in each of those cases, the felony trial followed the defendant's appeal of the misdemeanor conviction, giving rise to a presumption of prosecutorial vindictiveness.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 3, 1985. ·

*Gilbert J. Murrah*, for appellant.
*J. Brown Moseley, District Attorney, William F. Riley, Jr., Assistant District Attorney*, for appellee.