72503. RAINEY v. THE STATE.
(347 SE2d 341)

BIRDSONG, Presiding Judge.

Kent Rainey was indicted for arson in the first degree of an apartment occupied by Sandra Kirby at the Red Oak Apartments on 4439 Campbell Drive, Atlanta, Georgia, on June 4, 1985. He was also indicted for simple battery of Sandra Kirby on June 7, 1985, by striking her with his fists. Trial was held on September 23-25, 1985, and the jury was unable to reach a verdict on the arson count and a mistrial as to that count was declared by the court, but the jury found Rainey guilty of the battery count. This court affirmed the judgment of the trial court. See *Rainey v. State*, a "Do not Publish" opinion by the Ga. Court of Appeals (decided March 20, 1986).

This trial was held on November 4-6, 1985. The jury was authorized by the evidence to find that Sandra Kirby lived in Apartment 48

of the Red Oak Apartments at 4439 Campbell Drive in Atlanta on June 4, 1985. Prior to that time, she and Rainey had lived together in the same apartment with her two children. Their relationship is best described as turbulent, even savage at times. She admitted that she and the defendant fought over her pistol which discharged and sent a bullet through her leg and Rainey's leg, sending them both to Grady Hospital. She said the police had placed her and her children in the shelter for battered women approximately two dozen times. She said Rainey kicked in her door, threw a brick through her window and pushed her into his car and took her to a distant location and threatened her. After she gave in to his requests, they returned to her apartment and she got her pistol and went to his house. She fired her pistol through his door and he jumped out the upstairs rear window. The police confiscated her pistol but she bought a rifle to protect herself.

The day before the fire Rainey had called her: "He told me he was gonna burn me up, me and my little boy. . . . He wanted me and my son to burn." Immediately preceding the fire, she heard a noise and saw that he had kicked in her screen door. She pointed the rifle at him and pulled the trigger but it would not fire. Apparently the safety was on. At about 9:00 p.m., she heard glass break and saw fire at the rear of her apartment. A neighbor came in to tell her the upstairs bedroom was on fire. The children fought the downstairs fire with the garden hose and she used a bowl to pour water on the upstairs fire until the firemen arrived. The firemen and police found a broken whiskey bottle, still containing a residue of gasoline, with a paper wick nearby, underneath the window in the back of her apartment.

Rainey denied that he committed the arson and said that he continued to call Kirby in an attempt to get possession of his clothes and furniture he had left in the apartment when he left. He said Kirby had piled his best clothes in a pile in the backyard and burned them. She had thrown the rest of his things in the dumpster and sold the furniture.

A neighbor's child saw the defendant drive by Kirby's apartment about 45 minutes before the fire, and again pass by about 20 minutes before the fire. Another neighbor's child, while using the upstairs bathroom, heard a noise at the rear of the apartment and went into his mother's bedroom and looked outside at the rear of the apartment. He saw the defendant, whom he had known for about two years, standing there with a bottle in his hand. He saw Rainey throw the bottle sideways toward Kirby's apartment and then saw flames come out of Ms. Kirby's window. Another neighbor's child saw Rainey driving away from the apartment complex after the fire had started and the fire engines had started arriving. Rainey worked with Willie

Johnson. During the first part of June, Rainey had told Johnson he and Kirby were having trouble and "he wanted to get even with her. . . . Said he was gonna burn 'em up."

Rainey brings this appeal from a jury verdict of guilty. *Held*:

1. The general grounds are enumerated as error. The weight of the evidence is an issue for the trial court alone. An appellate court addresses only the sufficiency of the evidence. *Alexander v. State*, 138 Ga. App. 618 (1) (226 SE2d 807). When viewed in the light favorable to the verdict, the evidence of record is sufficient to enable any rational trier of fact to find the existence of the offense of arson in the first degree beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. The trial court properly denied defendant's plea of double jeopardy. No question of fact being in issue, the trial court was procedurally correct in deciding the plea. *Bell v. State*, 249 Ga. 644 (1) (292 SE2d 402). Although the first trial ended in a mistrial as to the arson count, retrial of a criminal defendant after a mistrial does not constitute double jeopardy "where there is manifest necessity for declaring the mistrial." *Glass v. State*, 250 Ga. 736, 738 (300 SE2d 812). Where the jury is hopelessly deadlocked, this constitutes manifest necessity. *Glass*, supra; *Orvis v. State*, 237 Ga. 6 (2) (226 SE2d 570). The decision of whether and when to grant a mistrial is the decision of the trial judge alone. *Haynes v. State*, 245 Ga. 817, 819 (268 SE2d 325). Such discretion is not unbridled, but we find no abuse of discretion here. Id.

3. Error is enumerated in overruling defendant's objection to being "retried on Count I of the same indictment. . . ." The Supreme Court found no procedural defect in a second trial on the same indictment in which the jury reached a verdict of guilty as to one count and was unable to reach a verdict on the second count, in *Bell v. State*, 249 Ga. 644, supra. This enumeration is without merit.

4. Defendant alleges the court erred at the preliminary hearing on the arson charge in admitting evidence that he struck Kirby. The trial court admitted the battery for the restricted purposes of motive, intent and bent of mind, and so charged the jury. "Evidence of another crime which tends to show motive or intent" of the defendant toward the victim is relevant and admissible. *Tucker v. State*, 249 Ga. 323, 329 (290 SE2d 97); accord *Goodman v. State*, 255 Ga. 226 (8) (336 SE2d 757). Here the evidence of the assault shows bent of mind toward violence to the victim. The battery was not inadmissible because it occurred subsequently to the offense at issue. *State v. Johnson*, 246 Ga. 654 (1) (272 SE2d 321). In any event assuming, without deciding, that the assault by the defendant was inadmissible, it is highly probable the admission of such evidence did not contribute to the verdict (*Johnson v. State*, 238 Ga. 59 (230 SE2d 869)) in view of

the overwhelming evidence of guilt of the defendant. *Hamilton v. State*, 239 Ga. 72, 76 (235 SE2d 515).

5. The charge on the elements of the offense of arson in the first degree is enumerated as error. At the conclusion of the charge, defense counsel advised the court: "No exceptions to the charge, other than the one I previously discussed, your honor." On appeal, for the first time, counsel now objects to the omission of the word "the" from a phrase in this charge. This objection was not raised at trial and all other objections were waived. *Jackson v. State*, 246 Ga. 459, 460 (271 SE2d 855).

6. We have examined the remaining enumerations relating to alleged improper argument of the State and the sustaining of a State objection to defense counsel's argument, and have found no error.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED JULY 1, 1986.

*J. Robert Joiner*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney*, for appellee.