## 72938. McNABB v. THE STATE.
### (350 SE2d 314)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of the offenses of homicide by vehicle in the first degree (two counts), reckless driving, driving under the influence, failure to render aid, driving without lights and driving on the wrong side of the road. *Held:*

1. Defendant contends that the trial court did not make a preliminary finding as to voluntariness before submitting his statements made without counsel to the jury. In regard to the necessity of such a finding see *Sims v. Georgia*, 385 U. S. 538 (87 SC 639, 17 LE2d 593); *Schneider v. State*, 130 Ga. App. 3 (1) (202 SE2d 238); *Stone v. State*, 155 Ga. App. 357 (2) (271 SE2d 22); and *Cofield v. State*, 247 Ga. 98, 106 (4) (274 SE2d 530).

A *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) hearing was held out of the presence of the jury. Evidence of the *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694), warnings given defendant and of statements made to the police were heard at that time. Defendant contends that the trial court failed to "find *both* that *Miranda* rights were waived and that the statement was given *voluntarily*." (See *Jarrell v. Balkcom*, 735 F2d 1242, 1252 (11th Cir. 1984), regarding the distinction between a finding of compliance with *Miranda* and a finding of voluntariness.) Our reading of the transcript does not reveal any deficiency. The trial court determined that defendant's first statement was spontaneous and unsolicited. As to each of the remaining statements, the trial court concluded both that defendant was advised of his *Miranda* rights *and* that the statements made by defendant were voluntary. This appears from the record with unmistakable clarity. *Cofield v. State*, 247 Ga. 98, 108 (4), 109, supra. This enumeration of error is without merit.

2. In his second enumeration of error, defendant contends that the evidence demands a finding under the totality of circumstances test that his statements were not voluntary. "Factual and credibility

determinations as to voluntariness of a confession are normally made at a suppression hearing and must be accepted by appellate courts unless such determinations are clearly erroneous. *Griswold v. State*, 159 Ga. App. 22, 23 (2) (282 SE2d 679) (1981)." *Echols v. State*, 172 Ga. App. 431, 432 (2) (323 SE2d 289). See also *Rachel v. State*, 247 Ga. 130, 133 (2) (274 SE2d 475).

Defendant made several statements to police on the night the offenses occurred. The initial statement of defendant to police was unsolicited and spontaneous, thus admissible. See *Jacobs v. State*, 137 Ga. App. 592, 593 (1) (224 SE2d 462). Prior to the remaining statements the various officers involved testified that defendant was given the *Miranda* warnings, that no threats or promises were made to defendant to induce him to speak and he did not request an attorney. Defendant relies upon evidence that on the night in question he was intoxicated, had suffered a head injury, was speaking about a nonexistent 14-year-old sister and that a Texas Ranger had kicked him in the head. Nonetheless, there was ample evidence, including narratives of defendant's conversations with law enforcement officers and the opinions of the officers as to defendant's mental state, to support a finding that defendant's statements were the products of a rational intellect and a free will. See *Allen v. State*, 231 Ga. 17, 18 (2) (200 SE2d 106); and *Fowler v. State*, 246 Ga. 256, 257 (3), 258 (271 SE2d 168).

Defendant contends that his statements made four days following the date of the offenses of which he was convicted should not have been admitted. Defendant argues that this statement was the result of his having been threatened during the course of the interview. The State's evidence was that no threats or promises were made to elicit this statement. The resolution of the credibility issue was for the trial court and we must accept the trial court's determination as it is not clearly erroneous. *Echols v. State*, 172 Ga. App. 431, 432 (2), supra. This enumeration of error is without merit.

3. Defendant contends in his third enumeration the trial court erred in admitting the results of a blood alcohol test where no proper foundation as to the qualifications of the technician who took the blood had been laid by the State. Defendant first raised this issue after the close of the State's evidence by motion to strike the evidence. No objection was made by defendant contemporaneously with the challenged testimony. See *Cape v. State*, 246 Ga. 520, 524 (5) (272 SE2d 487). Defendant would excuse the lack of a timely objection because the trial court allowed the State crime laboratory witness to testify out of the normal chain of custody order. However, as the grounds of defendant's motion to strike is unrelated to the chain of custody issue we cannot agree. The trial court's exercise of its discretion on the order of witnesses as to the chain of custody in no way

extended the appropriate time for objections by defendant as to other issues. This enumeration of error is without merit.

4. In his fourth enumeration defendant contends the trial court erred in denying his motion for directed verdict on the issue of causation as to the charge of homicide by vehicle in the first degree. The indictment charged defendant with causing the death of another person through the violation of OCGA § 40-6-390 (reckless driving) or § 40-6-391 (driving under the influence). See OCGA § 40-6-393. The State's evidence shows that the defendant was driving under the influence of alcohol (.16 grams percent) at a high rate of speed without any lights, recklessly passed two other vehicles immediately prior to the collision with the victim and was driving in the wrong lane when he crashed into the victim's car. The evidence of record is sufficient to enable any rational trier of fact to find that a causal connection existed between defendant's violation of OCGA §§ 40-6-390 or 40-6-391 and the victim's death and thus to find the defendant guilty beyond a reasonable doubt of the offense of homicide by vehicle in the first degree. See *Loveless v. State*, 158 Ga. App. 535 (281 SE2d 311); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); and *Rainey v. State*, 179 Ga. App. 584, 586 (1) (347 SE2d 341).

5. The trial court erred in sentencing the defendant on the lesser offenses of reckless driving and driving under the influence. The trial court also sentenced the defendant on the greater offense of homicide by vehicle in the first degree which included the lesser offenses. See OCGA § 16-1-7 (a) (1). Had the jury revealed which of the lesser offenses served as the foundation for the homicide verdict a sentence on the remaining lesser offense may have been appropriate, but as such information does not appear in the record the defendant may not be sentenced for either of the lesser included offenses of violation of OCGA §§ 40-6-390 and 40-6-391.

6. In view of our holding in Division 5, we do not reach the issues presented by defendant's remaining enumeration of error.

*Judgment affirmed in part and reversed in part. Carley and Pope, JJ., concur.*

DECIDED OCTOBER 31, 1986.

Glen M. Vey, for appellant.

David L. Lomenick, Jr., District Attorney, David L. Whitman, Susan R. Sarratt, Assistant District Attorneys, for appellee.