A90A0863. PYE v. THE STATE.
(396 SE2d 250)

BANKE, Presiding Judge.

The appellant was convicted of armed robbery in connection with his admitted theft of money from a convenience store. The two store employees who had been on duty when the robbery occurred positively identified the appellant as the perpetrator, testifying that he had held a pistol on them while taking the money from atop a desk where one of them had been counting it. The appellant's sister was also indicted for armed robbery in connection with the incident but testified against the appellant at trial in return for being allowed to plead guilty to the lesser offense of robbery by intimidation. Testifying on his own behalf, the appellant acknowledged that he had walked into the store and "grabbed the money" but denied that he had been armed with a pistol or any other type of weapon. *Held*:

1. The evidence, construed in the light most favorable to the verdict, was amply sufficient to enable a rational trier of fact to find the appellant guilty of armed robbery beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant contends that the trial court erred in refusing to charge the jury on robbery by force and robbery by intimidation as lesser included offenses. See OCGA § 16-8-40 (a) (1) & (2). However, we agree with the trial court that there was no basis for a charge on these lesser offenses because all of the evidence tending to show that the appellant had used force or intimidation also showed that he had used an offensive weapon. See *Echols v. State*, 172 Ga. App. 431, 432 (1) (323 SE2d 289) (1984). Although the appellant's testimony, if believed, might have warranted a charge on robbery by sudden snatching, see generally OCGA § 16-8-40 (a) (3); *Byrd v. State*, 171 Ga. App. 344 (1) (319 SE2d 460) (1984), he did not request such a charge and does not contend on appeal that such a charge should have been given.

3. The appellant testified during the trial that he had gone into the store and taken the money because his sister had taunted him by telling him he would be a coward if he did not. On the basis of that testimony, he requested and received a jury charge on the affirmative defense of coercion. See generally OCGA § 16-3-26. He complains on appeal, as he did in the trial court, that in giving this requested instruction the court improperly instructed the jury that he had "admitted the armed robbery" and was seeking "to excuse it" on the basis of coercion.

While the appellant's testimony obviously did not entitle him to a charge on coercion, we must agree that the language in question misstated the evidence in a manner which was potentially prejudicial to him. The appellant consistently maintained during the trial that he was not armed during the robbery, and this was in fact his only legitimate "defense" to the charge for which he was being tried. Under the circumstances, we are constrained to hold that the court committed reversible error in charging the jury that he had "admitted the armed robbery."

*Judgment reversed. Birdsong and Cooper, JJ., concur.*

DECIDED JUNE 13, 1990 —
REHEARING DENIED JULY 25, 1990.

*Arleen E. Gardenhire*, for appellant.
*W. Fletcher Sams, District Attorney, William T. McBroom III, Assistant District Attorney*, for appellee.