A90A2025. SAULSBERRY v. THE STATE.
(402 SE2d 550)

McMURRAY, Presiding Judge.

Defendant Saulsberry appeals his convictions of the offenses of trafficking in cocaine, possession of a firearm during the commission of a felony, and carrying a concealed weapon. No appeal is taken from a fourth conviction arising from the same incident for improper lane usage. The sole enumeration of error raises issues as to the sufficiency

of the evidence to authorize the convictions appealed. *Held*:

The evidence construed most strongly in favor of the verdict shows that: Davis was visiting his sister in Miami, Florida. When Davis went to visit a friend in the Overtown section, he happened to run into defendant whom he knew from high school in Waynesboro, Georgia, but had not seen in the past five years. Davis agreed to give defendant a ride home to Waynesboro and the two began the journey on the evening of June 21, 1988. During the trip Davis and defendant took turns driving. Defendant was driving at approximately 2:54 a.m. the following morning when a Liberty County deputy sheriff running radar on Interstate 95 observed the travelers' vehicle weave across the centerline and pulled them over. Defendant presented his driver's license upon request and referred the deputy to Davis when asked about the ownership of the automobile. Davis responded to the deputy's questions indicating he owned and controlled the car. When asked to consent to a search of the car for weapons or contraband, Davis first indicated that he did not have anything and then surrendered to the deputy a .25 caliber pistol which had been concealed in a black bag near his person. Davis was placed under arrest and during the subsequent search of the car a brown paper bag was found under the driver's seat. In the paper bag were eight plastic bags containing a total of 213 grams of crack cocaine with a purity of about 90 percent. Additionally, a state trooper, who provided back-up to the deputy, assisted in the search and found a loaded .38 caliber pistol underneath the driver's side floor mat underneath the steering wheel. The trooper testified that the driver of the vehicle would have at least known that there was something underneath the floor mat since the mat would not lay down flat and it was obvious something was underneath it. Davis testified that the car was registered in his wife's name and that he owned the .25 caliber pistol, but that he had no knowledge of the .38 caliber pistol or the cocaine prior to their being stopped and arrested.

Defendant testified that he had no knowledge of a gun underneath the floor mat, was sure that he would have noticed the gun if it had been there, and had not seen either of the guns until after they were stopped. Defendant also stated that he had not seen any cocaine on the trip back, that the cocaine was not his, and that he did not know whose cocaine it was.

While there was some evidence concerning a hitchhiker that Davis and defendant had given a ride for some distance, there was no evidence that the hitchhiker had left anything in the car. The hitchhiker had not been seated in the driver's seat and in view of the value of the cocaine of at least $8,000, the jury was authorized to reject any supposition that the contraband had been abandoned.

The resolution of the conflicts in the testimony of Davis and de-

fendant was for the jury. The jury in the case sub judice obviously chose to believe Davis and to reject defendant's testimony, and from this beginning point infer that defendant had possession of the cocaine and the .38 caliber pistol. *Christian v. State*, 195 Ga. App. 703 (394 SE2d 627). The evidence, construed in the light most favorable to the verdict, was sufficient to enable a rational trier of fact to find the defendant guilty beyond a reasonable doubt of trafficking in cocaine, possession of a firearm during the commission of a felony, and carrying a concealed weapon. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Pye v. State*, 196 Ga. App. 531 (1) (396 SE2d 250).

*Judgment affirmed. Sognier, C. J., and Carley, J., concur.*

DECIDED FEBRUARY 25, 1991.

*Robert F. Pirkle*, for appellant.
*Dupont K. Cheney, District Attorney, J. Stephen Archer, Assistant District Attorney*, for appellee.