**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the
# Supreme Court of Georgia

No. S26A0120
Ronald Lange Buchalla
v.
The State

On Appeal from the Superior Court of Camden County
No. SUCR2024000181

Decided: June 16, 2026

PINSON, Justice.

In April of 2012, Ronald Lange Buchalla strangled Jean Marie Morgan and struck her in the head with a pool cue. He pleaded guilty to attempted murder and aggravated assault and was sentenced to 20 years in prison and ten years probation. Morgan died in 2015, allegedly as a result of Buchalla's assault in 2012, and so the State charged Buchalla with murder, and a grand jury indicted him in 2024. Buchalla sought to dismiss that indictment before trial, contending that prosecuting him violated his double jeopardy rights. The trial court denied the plea in bar, and Buchalla appealed. But the trial court got it right. Neither constitutional nor statutory double jeopardy protections prohibit the State from prosecuting a defendant for murder after being convicted of a lesser-included offense, e.g., aggravated assault, if the murder was not complete when the first conviction was obtained because, as here, the defendant had not yet died at the time of the first conviction. See *Bell v. State*, 249 Ga. 644, 646 (1982); *Lowe v. State*, 240 Ga. 767, 768 (1978). So the trial court's order denying Buchalla's plea in bar is affirmed.

1. *Relevant Background*

In 2013, Ronald Lange Buchalla pleaded guilty to criminal attempt to commit a felony (murder) and family-violence aggravated assault for strangling Jean Marie Morgan and striking her in the head with a pool cue in April 2012. He was sentenced to 15 years in prison for each offense; the sentences were to run consecutively for a total sentence of 30 years, with the first 20 years to be served in prison and the remaining ten years to be served on probation. A little over two years later, Morgan died, allegedly from injuries she suffered in the incident with Buchalla, and in October 2024, a grand jury returned an indictment that charged Buchalla with malice murder and felony murder predicated on aggravated assault. Buchalla sought to dismiss the indictment through a plea in bar, contending that the prosecution was barred under OCGA § 16-1-8(a)(1) and the Double Jeopardy Clauses of the United States Constitution and the Georgia Constitution. See US Const. Amend. V; Ga. Const. of 1983, Art. 1, Sec. 1, Par. XVIII. The trial court denied the plea in bar, concluding that the prosecution could proceed because the new murder charges were "based upon an essential material fact—the death of the victim—that did not exist" when he was convicted in 2013. Buchalla appealed.[1]

2. *Analysis*

On appeal, Buchalla claims that the trial court erred in denying his double jeopardy plea in bar. We review the trial

---

[1] The denial of a plea in bar on double jeopardy grounds is directly appealable. See *Malloy v. State*, 293 Ga. 350, 352 (2013). The trial court entered an order denying the plea in bar on August 13, 2025, and Buchalla timely filed a notice of appeal. His appeal was docketed to the term of this Court beginning in December 2025 and submitted for a decision on the briefs.

2

court's findings of fact in support of that decision for clear error and its application of the law de novo. *Maxwell v. State*, 311 Ga. 673, 676 (2021). To do that, we first set out the relevant legal framework, and then we apply it to Buchalla's claim.

(a) *Legal Principles*

The Double Jeopardy Clauses of the United States Constitution and the Georgia Constitution each forbid the government from placing a defendant "in jeopardy" more than once for the same offense. See US Const. amend. 5 ("No person shall … be subject for the same offence to be twice put in jeopardy of life or limb."); Ga. Const. of 1983, Art. I, Sec. I, Par. XVIII ("No person shall be put in jeopardy of life or liberty more than once for the same offense except when a new trial has been granted after conviction or in case of mistrial.").[2] In doing so, these clauses protect defendants from different kinds of government abuses. They prohibit courts from punishing the defendant more than once for the same offense. See *Medina v. State*, 309 Ga. 432, 434–35 (2020) (cleaned up); *Brown v. Ohio*, 432 US 161, 165–66 (1977) (same). And they prohibit the government from prosecuting a defendant a second time after he has been acquitted of the same offense, or after he has been convicted for the same offense. See *Medina*, 309

---

[2] The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution is incorporated against the states through the Fourteenth Amendment. See *Williams v. State*, 288 Ga. 7, 8 (2010) (citing *Brown v. Ohio*, 432 US 161, 164 (1977)).

We have noted before that the text of the federal and Georgia double jeopardy clauses is not quite the same, and so it is possible that the federal and state provisions differ in meaning. See *State v. Jackson*, 306 Ga. 626, 631 n.4 (2019). But Buchalla has not argued that these provisions are materially different or that any potential differences in meaning would affect the outcome here, so we leave any potential arguments about that for another day.

Ga. at 434–35; *Brown*, 432 US at 165–66. And in some cases, these prohibitions on multiple punishments and successive prosecutions interact: If the prohibition against multiple punishments would preclude "punishment for two crimes at the end of a single proceeding" because those crimes are determined to be the "same offense," the State is also "forbidden to strive for the same result in successive proceedings." *Brown*, 432 US at 136. See also *Keener v. State*, 238 Ga. 7, 7–8 (1976) ("Where crimes are tried separately it is generally held that if multiple convictions arising out of a single prosecution are barred they will likewise be barred from successive prosecution.").[3]

Generally speaking, whether an offense is the "same offense" for purposes of applying these constitutional double jeopardy provisions is determined by applying the test set out in *Blockburger v. United States*, 284 US 299, 304 (1932), which says that offenses are the same unless each offense "requires proof of an additional fact which the other does not." Among other things, this means that an offense and a lesser-included offense are generally the "same offense." *Perkinson v. State*, 273 Ga. 491, 494 (2001) (quotation marks omitted) (citing *Brown*, 432 US at 168, *Blockburger*, 284 US at 304, and *Harris v. Oklahoma*, 433 US 682, 682–83 (1977)). So, for example, felony murder and the predicate felony on which the felony murder offense is based in a given case are typically the same offense for double jeopardy purposes, and when they are the defendant may not be tried for one after being convicted of the other (regardless of which offense he is convicted of first). See id. at 494–96 (discussing *Brown*, 432 US at 164 n.4,

---

[3] This scenario rarely comes into play in Georgia because of the statutory double jeopardy requirement, which we discuss more later, that "crimes arising from the same conduct" and "known to" the prosecutor "must be prosecuted in a single prosecution" unless one of the statutory exceptions applies. See *Keener*, 238 Ga. at 8 n.1; OCGA § 16-1-7(b).

167–70). But this general rule has exceptions. Relevant here, a defendant may be prosecuted for a greater offense after being convicted of the lesser offense "if the greater offense was not consummated when the first conviction was obtained." Id. at 495 n. 2. For example, "when an aggravated assault victim dies from his injuries after the defendant was convicted of aggravated assault; the State may then prosecute the same defendant for murder." Id. (citing *Lowe*, 240 Ga. at 767).

Layered on top of these constitutional protections, Georgia law supplies statutory protections against double jeopardy. Some of these overlap with the constitutional protections. For instance, much like the constitutional prohibition against multiple punishments for the same offense, a defendant may not be convicted of (and thus punished for) more than one crime if "[o]ne crime is included in the other" or the crimes "differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct." OCGA § 16-1-7(a)(1–2). And much like the constitutional prohibition against second prosecutions for the same offense, a prosecution is barred by statute "if the accused was formerly prosecuted for the same crime based upon the same material facts" and the former prosecution resulted in a conviction, acquittal, or improper termination. OCGA § 16-1-8(a). But Georgia law also provides another bar against successive prosecutions that extends beyond the constitutional protections. Under OCGA § 16-1-7(b), the State generally must prosecute crimes in a "single prosecution" if the crimes "ar[o]s[e] from the same conduct" and were "known to the proper prosecuting officer at the time of commencing the prosecution" and "within the jurisdiction of a single court." And if the State fails to prosecute all such crimes together, a second prosecution for any of those crimes is barred under OCGA § 16-1-8(b). In other words, "a second prosecution is barred ... if it is for crimes which

5

should have been brought in the first prosecution under OCGA § 16-1-7(b)." *Maxwell*, 311 Ga. at 677 (cleaned up). In this way, Georgia statutory law "extends the concept of res judicata to the successive prosecution of different crimes arising from the same conduct in situations where the State should have prosecuted the different crimes in a single proceeding." Id.

In applying these various double jeopardy principles, we have used certain labels as a shorthand way to describe them. We have labeled the limitations on "multiple prosecutions for crimes arising from the same criminal conduct" the "procedural" aspect of double jeopardy, and we have labeled the prohibition against multiple convictions or punishments for such crimes the "substantive" double jeopardy bar. *Williams v. State*, 307 Ga. 778, 779 (2020).[4]

(b) *Application*

Here, Buchalla claims that prosecuting him for the murder of Morgan would violate his constitutional and statutory double jeopardy rights because his 2013 aggravated assault conviction is a lesser included offense of the 2024 malice murder and felony murder charges and based on the same conduct.[5] This claim is foreclosed by precedent. The Double Jeopardy Clause of the

---

[4] These labels for the different aspects of double jeopardy can be traced back to early interpretations of the 1968 Georgia Criminal Code, which enacted the statutory double jeopardy protections that have been carried forward to the current Code. See *State v. Estevez*, 232 Ga. 316, 317–19 (1974), overruled on other grounds by *Drinkard v. Walker*, 281 Ga. 211 (2006).

[5] Although Buchalla calls this argument a "substantive double jeopardy" argument, an argument that a second *prosecution* is barred by double jeopardy falls under the procedural aspect of double jeopardy, as we have just explained. See *Williams*, 307 Ga. at 779.

United States Constitution does not bar the State from prosecuting a defendant for a greater offense after being convicted of the lesser offense if the greater offense was not yet complete at the time he was convicted for the lesser offense. See *Bell*, 249 Ga. at 646 ("[I]f the victim of a felony dies as a result of that felony after a defendant has already been convicted of the felony, double jeopardy considerations do not prevent a subsequent prosecution for felony-murder."); *Lowe*, 240 Ga. at 768 (citing *Diaz v. United States*, 223 US 442 (1912)).[6] Thus, "when an aggravated assault victim dies from his injuries after the defendant was convicted of aggravated assault[,] the State may then prosecute the same defendant for murder." *Perkinson*, 273 Ga. at 495 n.2 (citing *Lowe*, 240 Ga. 767). Just so here. It is undisputed that Morgan had not yet died when Buchalla was convicted in 2013, so the crimes of malice and felony murder with which he is now charged were not known to the prosecutor in 2013, and that crime was not yet "consummated," see *Perkinson*, 273 Ga. at 495 n.2, because the death of the victim is an essential element of murder, see *McCullum v. State*, 318 Ga. 485, 489 (2024). Thus, the procedural aspect of constitutional double jeopardy does not bar this prosecution. And for the same reason, the statutory double jeopardy protections do not

---

[6] In *Diaz*, the United States Supreme Court considered an appeal from the Supreme Court of the Philippines and interpreted the double jeopardy provision found in the Philippine civil government act. See *Diaz*, 223 US at 448–49, Through that act, Congress extended to the Philippine Islands — which was then under United States control — the protection against double jeopardy "in the sense and in the meaning which it had obtained under the Constitution and laws of the United States," see *Gavieres v. United States*, 220 US 338, 341 (1911) (citing *Kepner v. United States*, 195 US 100 (1904)). See also *Kepner*, 195 US at 111 ("The United States acquired the Philippine Islands by cession under the treaty of peace executed at Paris, between the United States and Spain, on December 10, 1898, the final ratifications being exchanged April 11, 1899[.]").

bar this prosecution because Morgan's murder was not "known" to the prosector at the time of his first trial (because that crime had not yet happened). See *Maxwell*, 311 Ga. at 678 ("[W]hen considered together, OCGA §§ 16-1-7 (b) and 16-1-8 (b) prevent successive prosecutions for crimes: (1) subject to the jurisdiction of the same court; (2) known to the proper prosecuting officer at the time the prosecution commences; and (3) arising from the same conduct."). See also *Lowe*, 240 Ga. at 768 (rejecting the defendant's statutory double jeopardy claims and concluding the murder prosecution was not barred by the earlier conviction for aggravated assault "[s]ince the murder was not yet complete because the victim had not died at the time of the aggravated assault conviction.") So the trial court did not err in denying Buchalla's plea in bar.

*Judgment affirmed. All the Justices concur, except Warren, P.J., not participating.*

8