A98A1800. ESENYIE et al. v. UDOFIA et al.
(511 SE2d 260)

SMITH, Judge.

This is the second appearance of this case in this court. In *First United Church v. Udofia*, 223 Ga. App. 849 (479 SE2d 146) (1996) ("*Udofia I*"), First United Church, Inc., d/b/a Sanctified Mount Zion Church of Nigeria in the United States, along with several of its Nigerian members, appealed the entry of default judgment against them in a suit brought by several former members and nonmembers of the church who alleged the defendants had slandered them and conspired to defame them. Id. The plaintiffs alleged in *Udofia I* that at a New Year's service at the church, the defendant members made slanderous allegations against them before the congregation that caused them great personal humiliation and caused financial harm to their businesses. These allegations included "practicing witchcraft, acts of bodily harm, thievery, causing infertility, stealing United States government files to harm a fellow member, and child abuse." Id. at 850.

In *Udofia I* we reversed outright any award against the church. Id. at 852-853 (2). As to the remainder of the award, we found that several of the plaintiffs' allegations against the individual defendants stated a cause of action for slander because they involved allegations of criminal behavior, such as child abuse, thievery, and stealing government files. Id. at 851-852 (1). The trial court did not, however, have jurisdiction over the claim that plaintiffs were accused of witchcraft, which involved an ecclesiastical matter. Id. Because the record

included no transcript of the trial and the trial court's judgment did not differentiate between the allegations, we directed the trial court to review its award to determine whether it was based in part upon ecclesiastical matters over which it had no jurisdiction and to revise its award accordingly. Id. We did not reach in *Udofia I* the defendants' claim that the award was excessive. Id. at 854 (6).

Upon remand, the trial court did not hold a hearing, but entered an order reciting in pertinent part that it had considered "the full record" as well as its own "written trial notes of the hearing on damages." The order addressed the two remand issues: whether the previous award was based in any part upon ecclesiastical matters and whether it was based in any part upon conduct of the church itself. The trial court dismissed the church and re-entered the entire award against the individual defendants, stating that the award was not based in any part on the plaintiffs' allegations that they were accused of practicing witchcraft but was based wholly on the charges of criminal behavior, that the award was compensatory in nature, and that its amount had not been influenced by the inclusion of the church as a defendant.

1. In this appeal, defendants first contend in three enumerations that the trial court erred in failing to grant them a jury trial upon remand. We do not agree. "The legal effect of the reversal of a judgment on appeal is to nullify the judgment below and place the parties in the same position in which they were before judgment." (Citation and punctuation omitted.) *Franklyn Gesner Fine Paintings v. Ketcham*, 259 Ga. 3, 4 (6) (a) (375 SE2d 848) (1989). Defendants do not allege they were improperly served; they simply chose not to respond to the complaint. *Udofia I* was in default before judgment was entered, and the record does not indicate that defendants moved to open the default upon remand. A trial therefore was not appropriate.

Moreover, direction given by this court to the trial court determines the appropriate procedure upon remand, and this court directed only that the trial court review its award and revise it if the court determined that it was based upon certain impermissible factors. We did not direct the trial court to hold a new trial, and the trial court was not authorized to do so. *Marsh v. Way*, 255 Ga. 284, 285 (2) (336 SE2d 795) (1985).

2. Defendants again raise their claim that the award was excessive, and we must now reach this issue. Defendants argue that because $3,000,000 was awarded, the award was obviously exorbitant. We certainly agree with defendants that this amount is indeed very large. But we cannot determine whether the evidence presented adequately supports the substantial award, because the hearing on damages was unreported.

The trial court's order recites that "[t]he Court was absolutely stricken and impressed with the demeanor of each of the witnesses, the Plaintiffs, in describing what impact the Defendants' slander . . . has had on their lives."[1] The trial court specifically noted that its award was compensatory in nature, and that it had based the award "on this impact of the charges of crimes on the Plaintiffs and their families which was so credibly presented to the Court." Because we are without a transcript of the hearing or a statutorily authorized substitute therefor, we must presume that the trial court did not err. *Alexander v. Jones*, 216 Ga. App. 360-361 (1) (454 SE2d 539) (1995).

*Judgment affirmed. Johnson, C. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JANUARY 29, 1999 — ▮

*Wetzel & Associates, Michael L. Wetzel*, for appellants.
*James D. McGuire, Birgit G. Nomura*, for appellees.

---

[1] The trial court's order further notes: "Beside vivid expressions of the emotional impact, the Plaintiffs described the economic impact of the charges, including the loss of patronage of their fellows in the community. They suffered reputation damages; were ostracized in the Nigerian community in Atlanta and the whole United States; their families in Nigeria were shunned as a result of the charges of crimes; and their children were ostracized by other children in their Atlanta community who would no longer play with them."