## A06A2389. HENRY v. THE STATE.
(645 SE2d 32)

ELLINGTON, Judge.

After a bench trial, the Superior Court of Gwinnett County convicted Michael Henry of vehicular homicide in the first degree, OCGA § 40-6-393 (a) (predicated on a violation of OCGA § 40-6-270 (b)); and two counts of felony hit-and-run, OCGA § 40-6-270 (b). Henry appeals, contending that the evidence was insufficient to convict him of vehicular homicide in the first degree predicated on a violation of OCGA § 40-6-270 (b). For the following reasons, we agree and reverse his conviction of vehicular homicide and remand to the trial court for sentencing on the lesser included offense of felony hit-and-run.

The record shows the following relevant facts. Shortly after midnight on June 19, 2003, Henry was driving on Cruse Road in Gwinnett County when he struck two fourteen-year-old boys, J. B. and C. S., who were walking in the grass along the road. Although Henry and his passenger had just left a bar where they had been for a few hours, there was no evidence that Henry consumed alcohol that evening or was intoxicated at the time of the accident. Henry's passenger felt an impact and saw one boy's head hit the hood of the pickup truck. He screamed at Henry, "You just killed somebody. Stop Henry." Instead of stopping, Henry accelerated and sped home, ignoring stop signs and traffic signals.

J. B. died of head trauma he sustained when Henry's truck hit him. Emergency responders found him dead at the scene, lying partially on the pavement. Henry's passenger testified that the boy was "dead . . . on impact[. T]here was never a doubt in my mind." There was no other evidence regarding whether or how long J. B. survived the initial impact. C. S. was found lying nearby in the grass. He suffered a broken leg and required multiple surgeries.

After Henry returned home, Henry's roommate called Henry's father "to take care of the situation." Henry's father removed tools from Henry's pickup truck. After that, the truck disappeared from the residence, and Henry told his roommate that he had "dropped" his truck and that he was going to report that the truck had been stolen. Later that morning, police officers found Henry's truck abandoned in a field.

For causing the death of J. B. "through a violation of [OCGA §] 40-6-270, Failure to Stop At or Return to Scene of Accident," Count 1 of the indictment charged Henry with vehicular homicide, OCGA § 40-6-393. Also with regard to the accident which resulted in the death of J. B., Count 2 charged Henry with one count of hit-and-run, OCGA § 40-6-270. With regard to the serious injury of C. S., Count 3 charged Henry with another count of hit-and-run. The trial court found Henry guilty beyond a reasonable doubt of all three offenses and sentenced Henry to the maximum punishment of fifteen years in prison on Count 1, first degree vehicular homicide, and merged Count 2, the hit-and-run related to J. B., into Count 1. The trial court sentenced Henry to the maximum of five years in prison on Count 3, to run consecutively.

On appeal, Henry concedes that the evidence was sufficient for a rational trier of fact to find him guilty beyond a reasonable doubt of felony hit-and-run. Henry contends that the State failed to prove an essential element of vehicular homicide in the first degree predicated on a violation of OCGA § 40-6-270 (b), specifically, that his failure to remain at the scene of the accident contributed to the death of the victim. Without this element, Henry contends, the offense of felony hit-and-run resulting in a death would contain all of the elements of the more severely punished offense of vehicular homicide in the first degree predicated on a hit-and-run,[1] leading to the application of the rule of lenity.[2]

To consider Henry's argument, therefore, we must compare the essential elements of these two offenses. OCGA § 40-6-270 (a) (1)-(3) requires every "driver of any vehicle involved in an accident resulting in injury to or the death of any person or in damage to a vehicle which is driven or attended by any person" to perform the following duties: (a) "immediately stop such vehicle at the scene of the accident or . . . stop as close thereto as possible and forthwith return to the scene of the accident"; (b) "[g]ive his [or her] name and address and the registration number of the vehicle he [or she] is driving"; (c) "[u]pon request and if it is available, exhibit his [or her] operator's license to

---

[1] The penalty for felony hit-and-run is one to five years in prison. OCGA § 40-6-270 (b). The penalty for first degree vehicular homicide is three to fifteen years in prison. OCGA § 40-6-393 (a).

[2] The rule of lenity applies where two or more statutes prohibit the same conduct while only differing "with respect to their prescribed punishments." *Dixon v. State*, 278 Ga. 4, 7 (1) (d) (596 SE2d 147) (2004). According to the rule, "[w]here any uncertainty develops as to which penal clause is applicable, the accused is entitled to have the lesser of the two penalties administered." (Punctuation and footnote omitted.) *Brown v. State*, 276 Ga. 606, 608-609 (2) (581 SE2d 35) (2003). See also *Dowling v. State*, 278 Ga. App. 903, 904 (630 SE2d 143) (2006) (whenever "statutory ambiguity creates uncertainty as to which sentencing scheme applies, the lesser penalty prevails") (footnote omitted).

the person struck or the driver or occupant of or person attending any vehicle collided with"; (d) "[r]ender to any person injured in such accident reasonable assistance, including the transporting, or the making of arrangements for the transporting, of such person to a physician, surgeon, or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or if such transporting is requested by the injured person"; and (e) remain at the scene until fulfilling these duties. Failing to perform these duties is generally a misdemeanor,[3] but "[i]f such accident is the proximate cause of death or a serious injury, any person knowingly failing to stop and comply with the requirements of subsection (a) of this Code section shall be guilty of a felony." OCGA § 40-6-270 (b). In brief, knowingly failing to stop and render assistance after being involved as a driver in an accident which proximately causes a death or a serious injury is felony hit-and-run.

The offense of first degree vehicular homicide may be committed in five different ways. As it applies to this case, OCGA § 40-6-393 (a) provides, "[a]ny person who, without malice aforethought, causes the death of another person through the violation of . . . subsection (b) of Code Section 40-6-270 [felony hit-and-run] commits the offense of homicide by vehicle in the first degree." The other four predicate driving offenses for the offense of first degree vehicular homicide are passing or overtaking a school bus, OCGA § 40-6-163; reckless driving, OCGA § 40-6-390; DUI, OCGA § 40-6-391; and fleeing or attempting to elude a police officer, OCGA § 40-6-395. OCGA § 40-6-393 (a).

Because the Code defines the offense of first degree vehicular homicide as causing the victim's death "through the violation of" the specified traffic offenses, the State bears the burden of establishing a causal connection between the defendant's violation of OCGA § 40-6-163, § 40-6-270 (b), § 40-6-390, § 40-6-391, or § 40-6-395 and the victim's death.[4] In other words, the State must prove that the defendant caused the victim's death by driving in the way prohibited by the predicate driving offense. See *Miller v. State*, 236 Ga. App. 825, 827-828 (1) (513 SE2d 27) (1999) (DUI); *Watkins v. State*, 191 Ga. App. 87, 89-90 (3) (381 SE2d 45) (1989) (same); *McNabb v. State*, 180 Ga. App. 723, 725 (4) (350 SE2d 314) (1986) (DUI or reckless driving);

---

[3] OCGA § 40-6-270 (c) (1) ("If such accident is the proximate cause of an injury other than a serious injury or if such accident resulted in damage to a vehicle which is driven or attended by any person, any person knowingly failing to stop or comply with the requirements of this Code section shall be guilty of a misdemeanor.").

[4] Notably, subsection (b) of OCGA § 40-6-393, which creates the offense of second degree vehicular homicide, employs the phrase "causes the death of another person . . . *by violating*" certain Code sections in place of "causes the death of another person *through the violation of*" certain Code sections to designate the same causal relationship. (Emphasis supplied.)

*Collins v. State*, 172 Ga. App. 100, 101 (1) (321 SE2d 823) (1984) (hit-and-run).[5] Thus, where the defendant is charged with first degree vehicular homicide based on felony hit-and-run, the plain language of OCGA § 40-6-393 (a) requires the State to prove a causal connection between the felony hit-and-run violation and the victim's death. See *Miller v. State*, 236 Ga. App. at 828-829 (2) (to qualify as first degree vehicular homicide, the defendant's conduct must be the legal or proximate cause, as well as the cause in fact, of the death); *Pitts v. State*, 253 Ga. App. 373, 374 (1) (559 SE2d 106) (2002) (accord).

Based on the preceding comparison of the plain language of the statutes which create the offenses of felony hit-and-run and first degree vehicular homicide, we see that a conviction for first degree vehicular homicide predicated on a hit-and-run requires proof beyond a reasonable doubt of all the elements of felony hit-and-run *plus* the additional element that the defendant's violation of OCGA § 40-6-270 (b) was a contributing cause of the victim's death. At the time of Henry's trial, controlling precedent of this Court held otherwise. In *Klaub v. State*, 255 Ga. App. 40, 45 (2) (564 SE2d 471) (2002), we held that "[t]he illegal act involved" in the offense of first degree vehicular homicide based on a violation of OCGA § 40-6-270 (b) "is causing the death or injury by the accident and then failing to stop and render assistance." In *Klaub v. State*, we explicitly rejected the argument "that in order to convict a defendant under this statutory provision a victim's death must have been caused by a defendant's failure to stop and render assistance." 255 Ga. App. at 45 (2). But causing a death "through" failing to stop and render assistance is plainly not the same as causing a death *and then* failing to stop and render assistance. See *Miller v. State*, 236 Ga. App. at 827-828 (1) (the vehicular homicide statute requires the State to prove a causal connection between the predicate driving violation and the victim's death). By interpreting OCGA § 40-6-393 (a) as *not* including a requirement that the defendant caused the victim's death through his failure to stop and render assistance after the accident, we eliminated a key element which distinguished first degree vehicular homicide through a hit-and-run from the offense of felony hit-and-run.[6]

In *Klaub v. State*, we reasoned as follows:

It is nonsensical to require that a driver's action in leaving the scene cause the victim's injury or death. If this were the

---

[5] Our holding in *Klaub v. State*, 255 Ga. App. 40, 46 (2) (564 SE2d 471) (2002), that *Collins v. State*, 172 Ga. App. at 101 (1) was abrogated by a 1988 statutory amendment must be questioned in light of this opinion.

[6] See *Klaub v. State*, 255 Ga. App. at 49-55 (Blackburn, C. J., concurring fully in part, concurring specially in part and dissenting in part).

rule, if a victim died immediately after impact, a hit and run driver could *never* be charged with first degree vehicular homicide through a violation of OCGA § 40-6-270 (b) because there would *never* be any evidence that his failure to stop and render aid caused the victim's death.

(Emphasis in original.) 255 Ga. App. at 46 (2). Regardless of our personal views of a fair penalty for such callous and craven conduct, however, it is the General Assembly's role, not ours, to determine whether a hit-and-run driver who could have prevented an injured person's death by fulfilling the duty to stop and render assistance should be punished more severely than a hit-and-run driver whose help would have made no difference. Because our holding in Division 2 of *Klaub v. State* operates to eliminate an essential element of the offense of first degree vehicular homicide through a violation of OCGA § 40-6-270 (b), as discussed above, we overrule it to that extent. See also *Steele v. State*, 275 Ga. App. 651, 654-656 (3) (621 SE2d 606) (2005) (approving jury charge on first degree vehicular homicide which followed *Klaub v. State*).

Because the State failed to prove that Henry caused J. B.'s death through his failure to stop and render assistance, in violation of OCGA § 40-6-270 (b), we reverse his conviction as to Count 1, vehicular homicide in the first degree, and remand to the trial court for sentencing on the lesser included offense of felony hit-and-run which was charged in Count 2.

*Judgment affirmed in part, reversed in part and case remanded. Barnes, C. J., Andrews, P. J., Johnson, P. J., Blackburn, P. J., Smith, P. J., Ruffin, Miller, Phipps, Mikell, Adams and Bernes, JJ., concur.*

DECIDED MARCH 20, 2007 —
RECONSIDERATION DENIED APRIL 11, 2007.

*Billy L. Spruell, Melinda D. Taylor*, for appellant.
*Daniel J. Porter, District Attorney, Lisa A. Jones, Assistant District Attorney*, for appellee.