A07A0545. THE STATE v. MCCLENDON.
(648 SE2d 680)

RUFFIN, Judge.
Luther McClendon was charged with possessing methamphetamine. The trial court granted his motion to suppress the drugs seized from him. The State appeals; however, it has failed to file an enumeration of errors, either separately or as a part of its brief, as

---

[14] *Holt v. State*, supra at 665 (citation and punctuation omitted).
[15] Supra.
[16] Id. at 15 (citations and punctuation omitted).

required by OCGA § 5-6-40 and Court of Appeals Rules 22 (a), 23 (a), and 25 (a) (2). For reasons that follow, this failure requires the dismissal of the appeal.

Pursuant to OCGA § 5-6-40, an appellant is required to file an enumeration of errors with the clerk of the appellate court. It is these enumerated errors that frame this Court's jurisdiction.[1] Indeed, "[t]he enumeration of errors is the very heart of the appeal procedure."[2] The failure to file any enumeration of errors, either in the brief or in a separate document, requires dismissal of the appeal.[3]

We note, however, that failure to file an enumeration of errors is not a basis for automatic dismissal under OCGA § 5-6-48 (b). That statute provides, in pertinent part:

Where it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal, the appeal shall be considered in accordance therewith notwithstanding that the notice of appeal fails to specify definitely the judgment appealed from or that the enumeration of errors fails to enumerate clearly the errors sought to be reviewed.[4]

Here, it is not apparent from a review of the notice of appeal and record what specific errors the State intends to assert on appeal.[5] In order to ascertain the alleged errors, we must comb through the State's brief, which is not one of the documents listed in the statute. Under these circumstances, we conclude that the State has not sufficiently enumerated error and thus jurisdiction has not been conferred upon us.[6] Accordingly, we are required to dismiss the appeal.

---

[1] See *Coweta County v. Simmons*, 269 Ga. 694 (507 SE2d 440) (1998) (Court of Appeals "has jurisdiction to decide only those issues fairly raised by an enumeration of error."); *Williams v. State*, 178 Ga. App. 581, 587 (5) (344 SE2d 247) (1986) (" 'Our jurisdiction is limited to consideration of the legal points raised by enumerations of error.' ").

[2] *Taylor v. Columbia County Planning Comm.*, 232 Ga. 155, 157 (205 SE2d 287) (1974).

[3] See *Lowery v. Smith*, 225 Ga. 814 (171 SE2d 500) (1969); *Strom v. London*, 257 Ga. App. 889 (572 SE2d 409) (2002); *Lewis v. State*, 226 Ga. App. 344 (487 SE2d 533) (1997) (physical precedent only).

[4] OCGA § 5-6-48 (f).

[5] See generally *Rowland v. State*, 264 Ga. 872, 874 (1) (452 SE2d 756) (1995) (in dismissing criminal appeals where notice of appeal was not timely filed, Supreme Court disapproved of "requir[ing] the appellate court to ignore jurisdictional and procedural statutes and rules, and to change its role from disinterested decision-maker to appellate advocate reviewing a trial record for error") (footnote omitted).

[6] See *Coweta County*, supra.

*Appeal dismissed. Blackburn, P. J., concurs. Bernes, J., concurs in the judgment only.*

DECIDED JUNE 22, 2007.

*Paul L. Howard, Jr., District Attorney, Stephany J. Luttrell, Assistant District Attorney*, for appellant.
*Michelle Holbrook Homier*, for appellee.

