## A07A2172. BRYANT v. THE STATE.
### (655 SE2d 247)

RUFFIN, Judge.

Steven Lee Bryant was charged with aggravated battery, two counts of aggravated assault, serious injury by vehicle, three counts of fleeing or attempting to elude a police officer, driving with a revoked license, driving under the influence ("DUI"), reckless driving, and driving without insurance. A jury acquitted him of aggravated battery, one of the aggravated assault charges, and DUI, and found him guilty of the remaining eight counts. Bryant appeals, and for reasons that follow, we dismiss the appeal.

Construed to support the verdict,[1] the evidence shows that Bryant led multiple police officers from four jurisdictions on a high-speed chase. As he sped from the authorities, Bryant crossed a highway median, straddled the centerline, ran a red light, and drove in the wrong lane toward oncoming traffic, forcing drivers off the roadway. At one point, an officer positioned his police car across the roadway in an attempt to stop Bryant, but ultimately moved the vehicle when it became apparent that Bryant was making no attempt to avoid a collision. Then, as Officer Aaron Walker attempted to pass him, Bryant turned his vehicle sharply to the right, striking Walker's vehicle and forcing it off the roadway, where it hit a utility pole. Walker required sixteen staples and three stitches to treat a head injury he sustained in the collision. Bryant continued to flee, striking several other police vehicles and driving directly toward — without braking — one officer who was on foot, before he was finally apprehended.

Bryant's appeal was docketed on July 3, 2007. On July 20, 2007, Bryant filed his brief and enumeration of error, alleging that "[t]he evidence was insufficient to convict [him] of aggravated battery

---

[1] See Bryant v. State, 286 Ga. App. 493 (1) (649 SE2d 597) (2007).

because there was no proof of malice."[2] On August 2, 2007, realizing that he had attempted to challenge a conviction for a charge of which he was acquitted, Bryant filed a supplemental brief. Therein, he set forth an "adjusted" enumeration stating that "[t]he evidence was insufficient to convict Bryant of aggravated *assault*."[3]

Court of Appeals Rule 22 (a) provides that "[p]ursuant to OCGA § 5-6-40, the enumeration of errors . . . shall be filed within 20 days after the case is docketed." And a long line of cases establishes that an appellant may not amend the enumeration of errors after the original filing time has expired.[4] Here, Bryant's supplemental brief containing his additional, or "adjusted," enumeration was filed 30 days after his appeal was docketed. "Since the supplemental brief at issue was filed more than 20 days after the appeal was docketed in this Court, the enumeration of error raised therein was untimely and will not be considered."[5] And because Bryant's original enumeration challenging a nonexistent conviction provides no basis for relief, this appeal is dismissed.[6]

Moreover, even if we were inclined to address Bryant's supplemental enumeration of error, we would find no basis for reversal, as the evidence was sufficient to authorize the jury's finding of guilt on the aggravated assault charge against Officer Walker.[7]

*Appeal dismissed. Blackburn, P. J., and Bernes, J., concur.*

---

[2] (Emphasis supplied.) In his initial brief, Bryant erroneously stated that he "was convicted on all counts," and his argument addressed only the purported aggravated battery conviction.

[3] (Emphasis supplied.)

[4] See *Hayward v. State*, 258 Ga. App. 566, 570 (3) (574 SE2d 646) (2002) ("The second [a]ppellant's [b]rief will not be considered inasmuch as enumerations of error may not be amended after the original filing time has expired, and an additional or supplemental brief cannot be used to argue enumerations not addressed in the original brief."); *Hill v. State*, 257 Ga. App. 82, 85 (4) (570 SE2d 395) (2002); *Campbell v. State*, 253 Ga. App. 325, 326 (3) (558 SE2d 857) (2002); *Daniels v. State*, 244 Ga. App. 522, 523 (536 SE2d 206) (2000); *Lane v. State*, 239 Ga. App. 230 (1) (520 SE2d 705) (1999); *Wallace v. State*, 216 Ga. App. 718, 721 (6) (455 SE2d 615) (1995); *Vick v. State*, 205 Ga. App. 600, 601 (2) (423 SE2d 46) (1992); *Getty v. State*, 202 Ga. App. 490, 491 (2) (415 SE2d 29) (1992); *McGraw v. State*, 199 Ga. App. 389, 389-390 (405 SE2d 53) (1991); *Powell v. State*, 198 Ga. App. 509, 512 (3) (402 SE2d 108) (1991). But see *Pittman v. State*, 273 Ga. 849, 850-851 (4) (546 SE2d 277) (2001) (Supreme Court considered supplemental enumeration of error where issue raised "could materially affect [the] fair trial rights of the appellant").

[5] *Roberts v. State*, 257 Ga. App. 296, 301 (6) (570 SE2d 708) (2002).

[6] See, e.g., *State v. McClendon*, 286 Ga. App. 75, 76 (648 SE2d 680) (2007) (appeal dismissed where "the State has not sufficiently enumerated error and thus jurisdiction has not been conferred upon [this Court]") (physical precedent only).

[7] See *Adams v. State*, 280 Ga. App. 779, 779-781 (634 SE2d 868) (2006); *Black v. State*, 222 Ga. App. 80, 80-81 (1) (473 SE2d 186) (1996).

DECIDED NOVEMBER 26, 2007.

*Mary Erickson*, for appellant.

*Timothy G. Madison*, District Attorney, *Hugh M. Ruppersburg*, Assistant District Attorney, for appellee.