S08A0196. RHODES v. THE STATE.
(659 SE2d 370)

SEARS, Chief Justice.

In 2007, William Todd Rhodes entered a negotiated plea of nolo contendere to DUI charges. Rhodes appeals, arguing that the exclusion of DUI offenses from the coverage of the First Offender Act[1] violates his right to the equal protection of the laws guaranteed by the United States and Georgia Constitutions. Finding no merit in his argument, we affirm.

In August 2005, Rhodes was charged by accusation with two offenses under OCGA § 40-6-391: (1) driving while under the influence of alcohol to the extent that it was less safe for him to drive;[2] and (2) driving with a blood-alcohol concentration of 0.08 or more.[3] Although Rhodes initially demanded a jury trial, he eventually entered into a negotiated plea agreement with the district attorney which was accepted by the trial court.

---

[1] OCGA §§ 42-8-60 to 42-8-66.
[2] OCGA § 40-6-391 (a) (1).
[3] OCGA § 40-6-391 (a) (5).

At the June 13, 2007 plea hearing, Rhodes admitted the factual basis of the charges against him and proffered a plea of nolo contendere to driving with a blood-alcohol concentration of 0.08 or more, with which the charge of driving less safe would then merge. However, Rhodes asked the trial court to sentence him under the First Offender Act, even though he acknowledged that OCGA § 40-6-391 (f) expressly prohibits sentencing under the First Offender Act in DUI cases. Rhodes argued that this restriction on the First Offender Act's scope is unconstitutional because it violates his right to the equal protection of the laws guaranteed by the United States and Georgia Constitutions.[4]

Rhodes's equal protection argument ran as follows: the First Offender Act provides more lenient treatment; many offenses more serious than DUI are not excluded from the First Offender Act; and therefore, excluding DUI crimes from First Offender Act treatment is unconstitutional. The district attorney objected to Rhodes's request to be sentenced under the First Offender Act. The trial court rejected Rhodes's constitutional argument and sentenced him under the DUI statute to twelve months in prison with two days of actual jail time and all but twenty-four hours of the sentence suspended.[5] The trial court also imposed 40 hours of community service and fined Rhodes $650.[6] This appeal followed.

Duly enacted statutes enjoy a presumption of constitutionality.[7] A trial court must uphold a statute unless the party seeking to nullify it shows that it "manifestly infringes upon a constitutional provision or violates the rights of the people."[8] The constitutionality of a statute presents a question of law.[9] Accordingly, we review a trial court's holding regarding the constitutionality of a statute de novo.[10]

Rhodes's sole enumeration of error is that the trial court was wrong to reject his equal protection challenge to OCGA § 40-6-391 (f). The classification drawn by the statute — persons convicted under the DUI statute versus individuals convicted under other criminal

---

[4] See U. S. Const. Amend. XIV, Sec. I ("No State shall . . . deny to any person within its jurisdiction the equal protection of the laws."); Ga. Const. Art. I, Sec. I, Par. II ("No person shall be denied the equal protection of the laws.").

[5] OCGA § 40-6-391 (c) (1) (B).

[6] OCGA § 40-6-391 (c) (1) (A), (C).

[7] *Ga. Dept. of Human Resources v. Sweat*, 276 Ga. 627, 628 (580 SE2d 206) (2003); *Dawson v. State*, 274 Ga. 327, 328 (554 SE2d 137) (2001).

[8] *Brodie v. Champion*, 281 Ga. 105, 106 (636 SE2d 511) (2006); *Miller v. State*, 266 Ga. 850, 852 (472 SE2d 74) (1996). Accord *Carey v. Giles*, 9 Ga. 253, 253 (5) (1851).

[9] *Guhl v. Davis*, 242 Ga. 356, 357 (249 SE2d 43) (1978); *Glover v. State*, 126 Ga. 594, 609 (55 SE 592) (1906).

[10] *Second Refuge Church of Our Lord Jesus Christ, Inc. v. Lollar*, 282 Ga. 721, 724 (653 SE2d 462) (2007); *Davis v. Turpin*, 273 Ga. 244, 246 (539 SE2d 129) (2000).

statutes — is not one based on inherently constitutionally suspect criteria such as race, gender, or the exercise of fundamental rights.[11] Consequently, we must evaluate the distinction drawn by OCGA § 40-6-391 (f) under the "rational basis," or "reasonable relationship," test.[12] Under this test, a legislative classification will be upheld as long as it is rationally related to a legitimate government interest.[13]

Rhodes concedes, as he must, that "any person who drives or is in actual physical control of any moving vehicle in violation of any provision of Code Section 40-6-391 constitutes a direct and immediate threat to the welfare and safety of the general public," and that the State has a compelling interest in protecting the public from this threat.[14] However, he argues that it is irrational for the General Assembly to afford the public greater protection from the danger of intoxicated drivers by making them ineligible for more lenient treatment under the First Offender Act while not providing the public with the same added protection from those who "steal, . . . beat their wives and others, . . . destroy property, . . . threaten others, . . . attack police officers, . . . sell drugs, . . . use drugs, . . . abandon their children, . . . beat or starve their animals," or commit a host of other crimes.

Rhodes's equal protection argument boils down to nothing more than the claim that the General Assembly has made a bad policy judgment about which offenders should be eligible for First Offender Act treatment and which offenders are too imminently dangerous to public safety to be given the opportunity the First Offender Act offers.[15] Rhodes's argument is quintessentially political, not legal, and should be directed to the General Assembly and the Governor rather than this Court.

Rhodes has fallen short of showing the absence of a rational relationship between the State's compelling interest in protecting the public's safety and the classification contained in OCGA § 40-6-391 (f). Accordingly, the trial court did not err in rejecting Rhodes's equal protection argument and denying his request to be sentenced under the First Offender Act.

---

[11] *Central State Univ. v. Am. Assn. of Univ. Professors*, 526 U. S. 124, 127-128 (119 SC 1162, 143 LE2d 227) (1999); *Barnett v. State*, 270 Ga. 472, 472 (510 SE2d 527) (1999).

[12] *Fitzgerald v. Racing Assn. of Central Iowa*, 539 U. S. 103, 107 (123 SC 2156, 156 LE2d 97) (2003); *Rouse v. Dept. of Nat. Resources*, 271 Ga. 726, 730 (524 SE2d 455) (1999).

[13] *Quarterman v. State*, 282 Ga. 383, 385 (651 SE2d 32) (2007). See *Cross v. State*, 272 Ga. 282, 282 (528 SE2d 241) (2000) (non-suspect statutory classifications need not be drawn with mathematical precision to withstand equal protection scrutiny).

[14] OCGA § 40-5-55 (a).

[15] DUI offenders are not the only ones excluded from First Offender Act treatment. Individuals who commit serious violent felonies, sexual offenses, and certain offenses against children are ineligible as well. See OCGA §§ 17-10-6.1 (b) (serious violent felonies); 17-10-6.2 (b) (sexual offenses); 42-8-60 (d) (specific offenses against children).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 31, 2008.

*Willie L. Fields*, for appellant.
*Spencer Lawton, Jr., District Attorney*, for appellee.