## A08A0264. HENRY v. THE STATE.
### (662 SE2d 260)

MILLER, Judge.

This is the second appearance of this case before this Court. Michael Henry was indicted on one count of vehicular homicide in the first degree, OCGA § 40-6-393 (a) (Count 1), and two counts of felony hit-and-run, OCGA § 40-6-270 (b) (Counts 2 and 3), arising from an accident that resulted in the death of J. B. and serious injuries to C. S., respectively. Following a bench trial, Henry was convicted of each count of the indictment. After merging Count 2 with Count 1, Henry was sentenced to fifteen years to serve in confinement as to Count 1 and five years probation as to Count 3.

Upon his initial appeal to this Court, we reversed Henry's conviction as to Count 1 and remanded the case to the trial court for "sentencing on the lesser included offense of felony hit-and-run which was charged in Count 2." *Henry v. State,* 284 Ga. App. 893, 897 (645 SE2d 32) (2007) (*"Henry I"*). On resentencing below, the trial court sentenced Henry to five years confinement on Count 2 and five years confinement on Count 3, such sentences to be served consecutively, resulting in an aggregate sentence of ten years to serve. Henry now appeals, contending that the trial court erred in resentencing him as to Count 3 for lack of jurisdiction, violation of the prohibition against double jeopardy, and illegally increasing his sentence thereon from five years probation to five years to serve in confinement. Finding that the trial court erred in resentencing Henry as to Count 3, we affirm in part and reverse in part.

The instant case arises out of a 1993 accident in which Henry struck two fourteen-year-old boys, killing one and seriously injuring the other. Henry left the scene and later reported to police that the truck he had been driving had been stolen. Henry's arrest and the

ensuing litigation followed.[1]

"When a question of law is at issue, as here, we owe no deference to the trial court's ruling and apply the 'plain legal error' standard of review. [Cit.]" *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000).

Henry contends that the trial court lacked jurisdiction to resentence him on Count 3, correctly arguing that this Court remanded *Henry I* to the trial court with direction that it sentence only as to the lesser included offense of felony hit-and-run, which was charged in Count 2. We agree.

> [D]irection given by this Court to the trial court determines the appropriate procedure upon remand, and this Court directed only that the trial court [sentence Henry as to Count 2]. We did not direct the trial court to [resentence as to Count 3], and the trial court was not authorized to do so. *Marsh v. Way*, 255 Ga. 284, 285 (2) (336 SE2d 795) (1985).

*Esenyie v. Udofia*, 236 Ga. App. 155, 156 (1) (511 SE2d 260) (1999).

Henry does not contend that the trial court erred in resentencing him on remand as to Count 2 (OCGA § 40-6-270 (b) (hit-and-run following an accident causing death or serious injury a felony punishable by one to five years imprisonment)), and we find no error in its so doing. See *Banta v. State*, 281 Ga. 615, 618 (2) (642 SE2d 51) (2007) (that the trial court factually merged Count 2 with Count 1 upon originally sentencing him, sentencing Henry as to Count 2 in its own right on remand proper). Accordingly, such sentence is affirmed. Given that the trial court was not authorized to resentence Henry as to Count 3 (*Esenyie*, supra, 236 Ga. App. at 156 (1)), such sentence is reversed, and we need not reach Henry's remaining claims of error thereon.

*Judgment affirmed in part and reversed in part. Blackburn, P. J., and Ellington, J., concur.*

DECIDED MAY 12, 2008.

*Billy L. Spruell, Melinda D. Taylor*, for appellant.

---

[1] The facts are set out in greater detail in *Henry I*, supra, 284 Ga. App. 893.

*Daniel J. Porter, District Attorney, Lisa A. Jones, Assistant District Attorney,* for appellee.