S09A0925. KLAUB v. BATTLE.
(686 SE2d 117)

BENHAM, Justice.

Appellant Ronald Klaub is currently serving a term of imprisonment following his convictions in 2001 for driving with a suspended license and for first degree vehicular homicide with failure to stop and render aid as the predicate offense. OCGA §§ 40-6-393 (a) (1999); 40-6-270 (b) (1999). Following the affirmance of his convictions on appeal,[1] Klaub filed a petition for writ of habeas corpus in which he contended he was being unlawfully detained in light of a substantive change in the applicable law that occurred after the completion of his direct appeal. The habeas court agreed with Klaub that the change in the law was substantive and therefore retroactively applicable to his case (see *Luke v. Battle*, 275 Ga. 370 (2) (565 SE2d 816) (2002)), but denied relief to Klaub after applying the substantive change to Klaub's case and determining that the evidence presented at Klaub's trial was sufficient to support the vehicular homicide conviction. We granted Klaub's application for a certificate of probable cause.

In Klaub's direct appeal, a divided Court of Appeals rejected his contention that, in order to convict him of first degree vehicular homicide based on failure to stop and render aid, the State was required to prove his failure to stop and render aid was the cause of the victim's death. *Klaub v. State*, 255 Ga. App. 40 (2) (564 SE2d 471) (2002). The appellate court ruled that the illegal act in first degree vehicular homicide predicated on failure to stop and render aid "is causing the death or injury by the accident and then failing to stop and render assistance." Id. at 45. Five years later, a unanimous

[1] See *Klaub v. State*, 263 Ga. App. 101 (587 SE2d 145) (2003) and *Klaub v. State*, 255 Ga. App. 40 (564 SE2d 471) (2002).

Court of Appeals issued a whole-court decision in which it held that the crime was "caus[ing] the victim's death by driving in the way prohibited by the predicate driving offense[,]" and overruled Division 2 of Klaub's direct appeal. *Henry v. State*, 284 Ga. App. 893, 895-897 (645 SE2d 32) (2007). In *Henry*, the Court of Appeals held that "where the defendant is charged with first degree vehicular homicide based on felony hit-and-run, the plain language of [the statute] requires the State to prove a causal connection between the felony hit-and-run violation and the victim's death." Id. at 896. Under *Henry*,

> a conviction for first degree vehicular homicide predicated on a hit-and-run requires proof beyond a reasonable doubt of all the elements of felony hit-and-run *plus* the additional element that the defendant's violation of OCGA § 40-6-270 (b) [i.e., failure to stop and render aid] was a contributing cause of the victim's death.

(Emphasis in original.) Id. Stated succinctly, *Henry* requires reversal of a conviction for first degree vehicular homicide based on the failure to stop and render assistance when the State fails to prove that the defendant caused the victim's death through his failure to stop and render assistance. Id. at 897. The *Henry* opinion acknowledged the appellate court had erred in Klaub's direct appeal because

> by interpreting [the first degree vehicular homicide statute] as *not* including a requirement that the defendant caused the victim's death through his failure to stop and render assistance after the accident, . . . [the] holding in Division 2 of *Klaub v. State* operates to eliminate an essential element of the offense of first degree vehicular homicide through a violation of [the failure to stop and render aid statute]. . . .

(Emphasis in original.) Id. at 896-897.[2]

In his habeas petition filed in August 2007, Klaub asserted that, in light of the decision in *Henry*, he was entitled to relief because the State had failed to prove an essential element of vehicular homicide

---

[2] No petition for a writ of certiorari was filed in this Court following the decision in *Henry*. In 2008, the General Assembly effectively overturned *Henry* when it re-defined the offense of homicide by vehicle when the predicate offense is failure to stop and render aid. The legislature amended OCGA § 40-6-393 (b), effective July 1, 2008, by replacing the requirement that a defendant cause the victim's death through the failure to stop and render aid with a new definition of the crime. One now commits the offense of homicide by vehicle in the first degree by causing an accident which causes the death of another person and leaving the scene of the accident in violation of OCGA § 40-6-270 (b). Ga. L. 2008, p. 1164, § 2.

in Klaub's prosecution, i.e., the State had not proven that Klaub's failure to stop and render aid to the victim was a contributing cause of the victim's death. In his petition, Klaub pointed out the statement of the Court of Appeals in his direct appeal that his failure to stop and render aid was not a contributing cause of the victim's death: "The conclusion, based on the medical evidence, is inescapable that she would have died even if Klaub had remained on the scene and rendered assistance." *Klaub v. State*, supra, 255 Ga. App. at 44.

The habeas court ruled that the evidence presented at Klaub's trial that the victim did not die instantly showed that Klaub's actions were a contributing cause of the victim's death, and that the lack of explicit evidence tying the victim's death to Klaub's failure to stop and render aid would not prevent a rational trier of fact from concluding that "death is the reasonable and probable consequence of failing to render aid where a person lay dying." The habeas court's conclusion is flawed because it did not take into account the observation of the Court of Appeals in Klaub's direct appeal that the expert medical evidence made "inescapable" the conclusion that the victim would have died even if Klaub had remained at the scene. *Klaub v. State*, supra, 255 Ga. App. at 44. Inasmuch as the evidence at Klaub's trial was uncontroverted that the victim would have died regardless of whether or not Klaub remained at the scene, the State did not prove beyond a reasonable doubt, as required under *Henry*, that the victim's death was caused by Klaub's failure to stop and render aid. Therefore, the habeas court erred when it denied relief to Klaub.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 9, 2009.

*Steven E. Phillips*, for appellant.
*Thurbert E. Baker, Attorney General, Benjamin H. Pierman, Assistant Attorney General*, for appellee.