308 Ga. 412
FINAL COPY

S20A0082.  THE STATE v. HOLLAND.

PETERSON, Justice.

Gary Arlen Holland was charged under OCGA § 40-6-393 (b)
with first-degree vehicular homicide predicated on the offense of hit-
and-run.[1] Holland moved to bar his prosecution for that offense. The

---

[1] OCGA § 40-6-393 (b) provides:
    Any driver of a motor vehicle who, without malice
aforethought, causes an accident which causes the death of
another person and leaves the scene of the accident in violation of
[OCGA § 40-6-270 (b) of the hit-and-run statute] commits the
offense of homicide by vehicle in the first degree and, upon
conviction thereof, shall be punished by imprisonment for not less
than three years nor more than 15 years.
OCGA § 40-6-270 (b) provides that if a motor vehicle "accident is the proximate
cause of death or a serious injury, any person knowingly failing to stop and
comply with the requirements of [OCGA § 40-6-270 (a)] shall be guilty of a
felony" punishable by one to five years in prison. OCGA § 40-6-270 (a) provides:
    The driver of any vehicle involved in an accident resulting in
injury to or the death of any person or in damage to a vehicle which
is driven or attended by any person shall immediately stop such
vehicle at the scene of the accident or shall stop as close thereto as
possible and forthwith return to the scene of the accident and shall:
        (1) Give his or her name and address and the
registration number of the vehicle he or she is driving;
        (2) Upon request and if it is available, exhibit his or
her operator's license to the person struck or the driver or
occupant of or person attending any vehicle collided with;
        (3) Render to any person injured in such accident

trial court granted his motion, declaring OCGA § 40-6-393 (b) unconstitutional under the equal protection and due process clauses of the federal and state Constitutions. The State appeals the trial court's order. The trial court erred in finding the statute unconstitutional, and we reverse.

On June 29, 2017, a Glynn County grand jury returned an indictment charging Holland with first-degree vehicular homicide, hit-and-run, failure to report an accident, two counts of second-degree vehicular homicide, failure to yield to a bicyclist, and failure to maintain lane. The indictment alleged that, on September 4,

---

reasonable assistance, including the transporting, or the making of arrangements for the transporting, of such person to a physician, surgeon, or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or if such transporting is requested by the injured person; and

(4) Where a person injured in such accident is unconscious, appears deceased, or is otherwise unable to communicate, make every reasonable effort to ensure that emergency medical services and local law enforcement are contacted for the purpose of reporting the accident and making a request for assistance.

The driver shall in every event remain at the scene of the accident until fulfilling the requirements of this subsection. Every such stop shall be made without obstructing traffic more than is necessary.

2016, Holland fatally struck Susan Kilner with his truck as she was cycling in the bicycle lane. The first-degree vehicular homicide charge was predicated on the allegation that Holland left the scene of the accident.[2]

Holland moved to bar his prosecution for first-degree vehicular homicide on the grounds that OCGA § 40-6-393 (b) violated the equal protection and due process clauses of the United States and Georgia Constitutions. The trial court granted Holland's motion in part, striking down the statute as unconstitutional on equal protection and due process grounds.[3]  The State appeals.

---

[2] Although this count of the indictment references OCGA § 40-6-393 (a), Holland's motion to bar prosecution attacks the constitutionality of OCGA § 40-6-393 (b). OCGA § 40-6-393 (b) clearly is the subsection that aligns with the allegations of a hit-and-run found in that count, however, and reference to an incorrect Code section in a count of an indictment is not by itself a material defect that requires the trial court to quash that count. See *Wagner v. State*, 282 Ga. 149, 151 (3) (646 SE2d 676) (2007). We therefore proceed to review the trial court's order here.

[3] The trial court rejected that part of Holland's equal protection claim that was based on the Code's different treatment of defendants who fail to comply with the requirements of OCGA § 40-6-270 (a), depending on whether or not they caused the accident.

Both with respect to Holland's equal protection claims and his due process claims, the trial court did not distinguish between the state and federal Constitutions. We have said — without analysis — that the equal protection clauses of the federal and Georgia Constitutions are "coextensive" and that we

1.      We turn first to Holland's substantive due process claim, and conclude that the trial court erred in declaring that the statute violates due process.

The constitutionality of a statute presents a question of law, so we review de novo the trial court's conclusion regarding the constitutionality of OCGA § 40-6-393 (b). See *Rhodes v. State*, 283 Ga. 361, 362 (659 SE2d 370) (2008). "Where a criminal statute does not discriminate on racial grounds or against a suspect class, equal protection and due process concerns are satisfied if the statute bears

---

"apply them as one." *Harper v. State*, 292 Ga. 557, 560 (1) (738 SE2d 584) (2013) (citation and punctuation omitted). Similarly, at least when addressing substantive due process claims, this Court generally has analyzed challenges arising under the due process clauses of the federal and state Constitutions together. See *State v. Nankervis*, 295 Ga. 406, 407-409 (1) (761 SE2d 1) (2014). Of course, the United States Supreme Court's construction of a federal constitutional provision does not bind our construction of a similar Georgia constitutional provision, which must be construed independently in the light of the Georgia provision's text, context, and history. See *Elliott v. State*, 305 Ga. 179, 187-189 (II) (C) (824 SE2d 265) (2019). But neither party makes an argument that either of the state constitutional provisions at issue here — Paragraphs I and II of Article I, Section I — provides a rule substantively different as applied to this case from that of the parallel Fourteenth Amendment provision, and we decline to consider such a question here in the first instance. This case therefore presents no occasion for consideration of whether and in what ways either of the state provisions differs from the parallel federal provision in particular applications.

a reasonable relation to a proper legislative purpose and is neither arbitrary nor discriminatory." *Pierce v. State*, 302 Ga. 389, 400 (3) (b) (807 SE2d 425) (2017) (citation and punctuation omitted). Here, the criminal statute in question does not discriminate on racial grounds or against a suspect class. We therefore apply this rational basis test, the most lenient level of judicial review. See id.[4] Under this test, the statute is presumptively valid, such that the claimant bears the burden of proof. See id.

Maintaining public safety and welfare, including protecting the public while traveling on Georgia's roads and highways, is plainly a legitimate legislative purpose. See, e.g., *Castillo-Solis v. State*, 292 Ga. 755, 762 (3) (740 SE2d 583) (2013). And so this case turns on whether the statute bears a reasonable relationship to that purpose. It does.

Before 2008, the crime of first-degree vehicular homicide predicated on hit-and-run included as an element that the

---

[4] The trial court applied the rational basis test, and the parties do not dispute that this was the proper test.

defendant's actions in leaving the scene were a contributing cause of the victim's death. See OCGA § 40-6-393 (a) (1999); see also *Klaub v. Battle*, 286 Ga. 156, 158 (686 SE2d 117) (2009) (reversing denial of habeas relief to defendant convicted of first-degree vehicular homicide under prior version of statute, because the State did not prove that defendant's act of leaving the scene caused the victim's death). In 2008, the General Assembly deleted that element. See Ga. L. 2008, p. 1164, § 2. Holland's constitutional challenge asserts that the absence of that element renders the statute irrational, when other versions of first-degree vehicular homicide still include an element of causation as a result of the traffic violation. Compare OCGA § 40-6-393 (a) with OCGA § 40-6-393 (b).[5]

The State has argued that requiring drivers who cause serious

---

[5] Under OCGA § 40-6-393 (a):

Any person who, without malice aforethought, causes the death of another person through the violation of [OCGA § 40-6-163, overtaking and passing a school bus], [OCGA § 40-6-390, reckless driving], [OCGA § 40-6-391, driving under the influence], or [OCGA § 40-6-395 (a), fleeing or attempting to elude a police officer] commits the offense of homicide by vehicle in the first degree and, upon conviction thereof, shall be punished by imprisonment for not less than three years nor more than 15 years.

traffic accidents to remain at or immediately return to the scene and provide or summon aid, and encouraging this conduct by threatening serious punishment, can decrease the severity of victims' injuries or even save victims' lives. The requirement that drivers stay on the scene and provide identification can also simplify resolution of any related civil claims and conserves law enforcement resources, the State posits. This is a reasonable, and not arbitrary or discriminatory, explanation for subjecting hit-and-run drivers who cause a fatal accident to prosecution for first-degree vehicular homicide, even if the State cannot prove that the failure to comply with the requirements of OCGA § 40-6-270 (a) was a contributing cause of the victim's death.[6] Therefore, Holland has not shown that the General Assembly's determination was irrational.[7] The trial

---

[6] Of course, it is clear from the text of OCGA § 40-6-393 (b) that in order to be convicted of first-degree vehicular homicide based on hit-and-run by leaving the scene of the accident, the accident still needs to cause the death. We are only addressing in this case the constitutionality of the current scheme that does not require the act of leaving the scene of the accident to also be a contributory cause of the death.

[7] The trial court found OCGA § 40-6-393 (b) unconstitutional on substantive due process grounds based on its own conclusion that the ostensible purpose of the 2008 change to OCGA § 40-6-393 that created the

court erred in concluding that OCGA § 40-6-393 (b) is unconstitutional on substantive due process grounds.

2. The trial court also found the statute unconstitutional on equal protection grounds. This, too, was error.

Similar to the standard governing Holland's substantive due process challenge, an equal protection challenge to a criminal statute is examined under the rational basis test unless the statute discriminates on racial grounds or against a suspect class. See

new subsection (b) was based on an inaccurate premise about the difficulty of proving first-degree vehicular homicide based on a hit-and-run. In particular, the trial court posited that concerns about proof under the former statute were "misplaced," because even if a victim died immediately upon impact, a hit-and-run driver might be charged with another form of first-degree vehicular homicide under OCGA § 40-6-393 (a), such as that predicated on driving under the influence, or some other crime carrying a less severe penalty. See *Klaub v. State*, 255 Ga. App. 40, 51 (1) (564 SE2d 471) (2002) (Blackburn, C.J., concurring fully in part, concurring specially in part, and dissenting in part). This ignores the possibility that a driver's decision to leave the scene of the crime may make it difficult to prove that he committed some other form of vehicular homicide, as well. But, more fundamentally, this is not a proper consideration under a rational basis analysis; a law does not lack a rational basis merely because the distinctions it draws are "imperfectly related to the goals desired" or "overinclusive or underinclusive." *Rainer v. State*, 286 Ga. 675, 679 (2) (690 SE2d 827) (2010) (citation and punctuation omitted). For this same reason, the trial court took the wrong approach in finding a substantive due process violation based on its assumption that a defendant could be convicted under OCGA § 40-6-393 (b) even when attempting to comply with OCGA § 40-6-270 (a) — or even largely complying — but forgetting to leave his personal information with someone at the scene when ultimately leaving.

*Pierce*, 302 Ga. at 400 (3) (b). An equal protection claimant "must establish that he is similarly situated to members of the class who are treated differently from him. Next, the claimant must establish that there is no rational basis for such different treatment." Id. (citation and punctuation omitted). "In general, for equal protection purposes, criminal defendants are similarly situated if they are charged with the *same crime.*" *Jones v. State*, 307 Ga. 505, 508 (2) (a) (837 SE2d 288) (2019) (citation and punctuation omitted; emphasis in original).

The trial court found OCGA § 40-6-393 (b) unconstitutional on equal protection grounds because it treats those charged with first-degree vehicular homicide based on a hit-and-run differently from those charged with first-degree vehicular homicide based on any other singular traffic violation. In particular, although a conviction for first-degree vehicular homicide under OCGA § 40-6-393 (a) requires the State to prove that the defendant caused another's death through the underlying traffic violation, the State does not need to prove that the defendant's act of leaving the scene without

fulfilling his obligations under OCGA § 40-6-270 (a) was a contributing cause of the victim's death in order to secure a conviction for first-degree vehicular homicide under OCGA § 40-6-393 (b).

The trial court's (at least implicit) conclusion that those charged with first-degree vehicular homicide based on a hit-and-run are similarly situated to those charged with first-degree vehicular homicide based on another singular traffic violation was probably wrong; the different bases for vehicular homicide criminalize different conduct. See *State v. Nankervis*, 295 Ga. 406, 408 (1) (761 SE2d 1) (2014) (questioning whether defendants who are convicted for trafficking methamphetamine and provide substantial assistance to the State should be considered similarly situated to those defendants who are convicted of trafficking methamphetamine but are unable to provide substantial assistance). But the State does not challenge that conclusion, and, in any event, Holland's equal protection claim fails for essentially the same reason his substantive due process claim fails — he has

not shown that the different approach taken in OCGA § 40-6-393 (b) lacks a rational basis when compared to the approaches taken to the other types of vehicular homicide. The same reasons that make the statute rationally related to a legitimate public interest also make the different statutory approach the General Assembly adopted in 2008 reasonable. The trial court erred by concluding that OCGA § 40-6-393 (b) is unconstitutional on equal protection grounds.

*Judgment reversed. Melton, C. J., Nahmias, P. J., and Blackwell, Boggs, Warren, Bethe,l and Ellington, JJ., concur.*

DECIDED APRIL 6, 2020.
OCGA § 40-6-393 (b); constitutional question.
*Jacquelyn L. Johnson, District Attorney, Thomas E. Buscemi, Assistant District Attorney*, for appellant.
*C. Keith Higgins*, for appellee.
*Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Elizabeth A. Penland, Assistant Attorney General, Andrew A. Pinson, Solicitor-General, Ross W. Bergethon, Deputy Solicitor-General*, amici curiae.