**SECOND DIVISION**
**MERCIER, C. J.,**
**MILLER, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 26, 2023**

# In the Court of Appeals of Georgia

A23A0772. JORDAN v. THE STATE.

MILLER, Presiding Judge.

This is the second appearance of this case before the Court. Following his convictions for aggravated assault and other offenses, Marquis Dontez Jordan appealed to this Court, and in an unpublished decision, we vacated his sentence and conviction as to Counts 1 and 2 of the indictment only and remanded the case for resentencing. After the trial court resentenced Jordan, he filed a motion to vacate an illegal or void sentence, which the trial court denied. Jordan appeals again pro se, claiming that the trial court erred in denying his motion because it lacked jurisdiction at resentencing to increase his sentence for Count 3 of the indictment. Because the trial court lacked jurisdiction to resentence Jordan on Count 3, we reverse the sentence on that count and remand the case for further proceedings.

"Because this appeal involves a question of law, we review both the record and the decision of the court below de novo." (Citation omitted.) *Mathis v. State*, 336 Ga. App. 257 (784 SE2d 98) (2016). In August 2015, the trial court sentenced Jordan on seven counts, specifically criminal attempt to commit a felony (Count 1), three counts of aggravated assault (Counts 2, 3, and 4), cruelty to children in the third degree (Count 8), possession of a firearm during the commission of a felony (Count 9), and possession of a firearm by a convicted felon (Count 11). The trial court sentenced Jordan as follows: consecutive ten-year terms on Counts 1, 2, 3, and 4; twelve months on Count 8, concurrent with Count 1; five years on Count 9, consecutive to all counts; and five years on Count 11, concurrent with Count 1. While the sentencing sheet did not specifically indicate which sentences would be served in confinement or on probation, the aggregate sentence was 45 years, with the first 20 years to be served in confinement and the remaining 25 years to be served on probation.

After Jordan initially appealed from his convictions, this Court determined that his convictions for Counts 1 and 2 should have merged for sentencing, and we vacated his convictions and sentences as to these two counts only and remanded for resentencing "consistent with our opinion." On remand, the trial court merged Count 2 with Count 1 and ordered that the 10-year sentence on Count 3 be served

consecutive to the sentence on Count 1. The sentencing sheet was also changed to show that the sentences for Counts 1 and 3 were to be served in confinement. The sentences on the remaining individual counts were unchanged. The new aggregate sentence was 35 years, with the first 20 years to be served in confinement and the remaining 15 years to be served on probation. Jordan filed a motion to vacate an illegal or void sentence, claiming that his sentence on Count 3 was void because the trial court lacked jurisdiction to increase that sentence from a 10-year probation sentence to a 10-year imprisonment sentence. The trial court denied Jordan's motion in a summary order, and this appeal followed.

1. At the outset, we address the State's claim that this appeal should be dismissed because Jordan did not file a "legal" motion to vacate within 30 days of being resentenced. However, OCGA § 17-10-1 (f) provides in pertinent part that

> [w]ithin one year of the date upon which the sentence is imposed, or within 120 days after receipt by the sentencing court of the remittitur upon affirmance of the judgment after direct appeal, whichever is later, the court imposing the sentence has the jurisdiction, power, and authority to correct or reduce the sentence and to suspend or probate all or any part of the sentence imposed.

3

The trial court resentenced Jordan in October 2021, and Jordan filed his motion to vacate approximately six months later in April 2022. Thus, the trial court had jurisdiction to adjudicate the motion, and this direct appeal is proper. See *Patterson v. State*, 347 Ga. App. 105, 107 n. 3 (1) (817 SE2d 557) (2018).

2. Turning now to Jordan's claim of error, Jordan claims that the trial court lacked jurisdiction to increase his sentence on Count 3 from a 10-year probation sentence to a 10-year imprisonment sentence. We agree.[1]

In *Henry v. State*, 291 Ga. App. 482 (662 SE2d 260) (2008), after the defendant was convicted of three counts, the trial court merged Count 2 with Count 1 and sentenced the defendant to fifteen years' imprisonment on Count 1 and five years' probation on Count 3. On appeal, this Court reversed the conviction on Count 1 and remanded the case for resentencing on Count 2. Id. On remand, the trial court sentenced the defendant to consecutive terms of five years' imprisonment on Counts

---

[1] Jordan has filed a motion to amend his appellate brief, seeking to raise "an additional enumeration of error." This Court's rules require an appellant's brief to be filed "within 20 days after the appeal is docketed[,]" and enumerated errors are a requirement of the appellant's brief. Court of Appeals Rules 23 (a), 25 (a) (4). "[A]n appellant may not amend the enumeration of errors after the original filing time has expired." *Bryant v. State*, 288 Ga. App. 564, 565 (655 SE2d 247) (2007). Jordan's motion was filed more than five months after his appeal was docketed, and therefore we deny the motion to amend and do not consider the additional enumeration raised therein.

2 and 3. Id. On appeal from the amended sentence, this Court held that the trial court lacked jurisdiction to resentence the defendant on Count 3, explaining that "[d]irection given by this Court to the trial court determines the appropriate procedure upon remand, and this Court directed only that the trial court sentence [the defendant] as to Count 2. We did not direct the trial court to resentence as to Count 3, and the trial court was not authorized to do so." (Citation omitted.) Id. at 483.

*Henry* is directly on point and controlling here. Specifically, in Jordan's earlier appeal, this Court vacated his convictions and sentences as to Counts 1 and 2 only and remanded for resentencing as to these counts. However, at resentencing the trial court changed Jordan's sentence on Count 3 from a probation sentence to a confinement sentence.[2] We did not direct the trial court to resentence Jordan on Count 3, and the trial court was not authorized to do so.

---

[2] While the original 2015 sentencing sheet did not specify whether Count 3 was to be served in confinement or on probation, we must resolve any ambiguity in the sentence in Jordan's favor. See *Gilpatrick v. State*, 226 Ga. App. 692, 695 (487 SE2d 461) (1997). Thus, construed in Jordan's favor, we must conclude that the original sentence on Count 3 was solely a probation sentence.

5

Accordingly, we reverse Jordan's amended sentence on Count 3, and remand for the trial court to reinstate the original probation sentence on Count 3.

*Judgment reversed and case remanded with direction. Mercier, C. J., and Hodges, J., concur*.